KARNES, APPELLANT, *v.* DOCTORS HOSPITAL, APPELLEE.

[Cite as Karnes *v.* Doctors Hospital (1990), 51 Ohio St. 3d 139.]

(No. 88-2174—Submitted January 16, 1990—Decided May 30, 1990.)

*Lucas, Prendergast, Albright, Gibson & Newman* and *Rankin M. Gibson,* for appellant.

*Baker & Hostetler, Ronald G. Linville, Charles J. Chastang* and *Bettina C. Altizer,* for appellee.

*Spater, Gittes & Terzian, Frederick M. Gittes, John S. Marshall, Law Offices of Andrew J. Ruzicho* and *Louis A. Jacobs,* urging reversal for *amicus curiae,* Employment Lawyers Association.

*Per Curiam.*

## I

It is the contention of appellant that the trial court erred in granting appellee's motion to dismiss and motion for summary judgment. In this regard, appellant maintains that there exist genuine issues of material fact regarding the nature of her employment relationship with appellee. The first two counts of appellant's complaint contain allegations which propound a contractual theory of recovery. In essence, these allegations advance the view that the employee handbook at issue constituted an employment contract which was subsequently breached by appellee.

This construction of the legal effect of the manual is belied by its clear language to the contrary. The manual specifically disclaims any intent to create a contractual relationship between employer and employee and the language of the receipt signed by appellant further underscores that no such construction was intended. Moreover, appellant in her deposition unequivocally denied that the handbook was the product of negotiations between her and her employer. Appellant further conceded that the handbook was never viewed by her as a binding contract. Accordingly, the status of appellant cannot be characterized as that of a contract employee.

## II

Appellant maintains, however, that the disposition of the case by the courts below is inconsistent with our decision in *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 19 OBR 261, 483 N.E. 2d 150. In *Mers, supra,* we held at paragraphs two and three of the syllabus:

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge.

"The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."

In *Mers,* the plaintiff therein had been charged with various crimes. He was suspended from employment pending the favorable resolution of the charges against him. His criminal trial failed to produce a conviction and the charges against him were subsequently dismissed. He sought reinstatement to his former position and his employer declined to do so. In response, he instituted a civil action wherein he contended that the promise made to him by his employer altered his status as an employee at will. This court agreed,

concluding that summary judgment was inappropriate where the facts and circumstances about his employment relationship were in dispute. We further observed that, if the facts as alleged by the plaintiff were found by a jury to be true, such facts would permit recovery for wrongful termination. Accordingly, we recognized that:

"An additional limit on an employer's right to discharge occurs where representations or promises have been made to the employee which fall within the doctrine of promissory estoppel. The Restatement of the Law 2d, Contracts, as quoted by this court in *Talley* v. *Teamsters Local No. 377* (1976), 48 Ohio St. 2d 142, 146 [2 O.O. 3d 297], provides the rule of law that: ' "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. * * *" ' " *Mers, supra,* at 104, 19 OBR at 264-265, 483 N.E. 2d at 154.

We further explained that:

"The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Mers, supra,* at 105, 19 OBR at 265, 483 N.E. 2d at 155.

Promissory estoppel, therefore, is not a contractual theory but a quasi-contractual or equitable doctrine designed to prevent the harm resulting from the reasonable and detrimental reliance of an employee upon the false representations of his employer. See, also, *Kelly* v. *Georgia-Pacific Corp.* (1989), 46 Ohio St. 3d 134, 139, 545 N.E. 2d 1244, 1250.

It is this theory that is at the heart of count three of appellant's complaint.

While we are in agreement with appellant that she has set forth a legally cognizable cause of action in count three, the undisputed facts of the case fail to support recovery on that basis.

An essential element of any action predicated upon promissory estoppel is the detrimental reliance of the promisee upon the false representations of the promissor. It is self-evident that in order for one to reasonably and detrimentally rely upon the representations of another, one must be aware that such representations were in fact made. A review of the evidence presented to the trial court in the case at bar discloses that appellant has failed to identify what provisions of the handbook were relied upon by her prior to her discharge. In fact, there is nothing in the record to indicate that appellant was even aware of the contents of the manual at the time of her termination. It is incongruous for appellant to suggest that she relied upon representations about which she was unaware. Moreover, appellant concedes that, unlike the plaintiffs in *Mers* and *Kelly, supra,* no oral representations were made to her regarding her continued employment. The evidence is quite to the contrary. Appellant was specifically warned that her failure to report back to work on the prescribed date would result in certain termination. The undisputed facts, therefore, do not permit recovery under the doctrine of promissory estoppel.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.

DOUGLAS, J., dissents.