## Patterson v. Schwebel Baking Co.
*[Cite as 8 AOA 369]*

*Case No. 59657*
*Cuyahoga County, (8th)*
*Decided November 15, 1990*

*Andrew L. Margolius, 701 Citizens Building, Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Robert M. Wolff and Jane P. Wilson, Duvin, Cahn & Barnard, Erieview Tower, 20th Floor, 1301 East Ninth Street, Cleveland, Ohio 44114, for Defendant-Appellee, The Schwebel Baking Company.*

*Frank W. Buck, Erieview Tower, 20th Floor, 1301 East Ninth Street, Cleveland, Ohio 44114, for Defendant-Appellee, Millbrook Baking Co..*

*Per Curiam.*

Plaintiff-appellant Eleanor Patterson ("appellant") appeals the trial court's granting of defendants-appellees Schwebel Baking Co., et al's ("appellees") motion for summary judgment pursuant to Civ. R. 56.

The facts giving rise to the instant appeal are as follow:

On July 24, 1987, Schwebel Baking Company ("Schwebel") purchased Millbrook Bread Company ("Millbrook") from Interstate Brands Company ("Interstate"). At this time appellant was employed by Millbrook. Appellant, therefore, was also an employee of Interstate. A collective bargaining agreement prevented Schwebel from hiring interstate employees unless they were on a "protected list." Appellant was not on this list. An Interstate employee who was not on the protected list could only circumvent the collective bargaining agreement by resigning from Interstate and remaining unemployed by Interstate for thirty days.

Appellant resigned from Millbrook on July 17, 1987. On September 15, 1987 the store where appellant had worked before resigning was closed and all of its employees were laid off.

On December 9, 1987, appellant filed a complaint alleging that she resigned in reliance on a promise made by a Schwebel employee who told her that if she resigned, she would be hired thirty days later by Schwebel for a position in the city of Cleveland. Appellant also alleged that appellees had failed to hire her as promised.

On February 5, 1989, appellees filed a motion for summary judgment pursuant to Civ. R. 56. The trial court subsequently granted appellees' motion. Appellant filed a timely notice of appeal and raises the following assignment of error:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE EMPLOYER WHEN A CLEAR AND UNAMBIGUOUS PROMISE EXISTS AND WHEN DEFENDANT'S MOTION RELATED ONLY TO A DECREASE IN DAMAGES."

In *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, the court held that the doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The court stated that the test to apply in such cases is "*** whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Id.* at 105. See, also, *Karnes v. Doctors Hospital* (1990), 51 Ohio St. 3d 139, 142.

The issue in the instant appeal is whether appellant suffered detriment as a result of her alleged reliance on Schwebel's alleged promise. This court finds that appellant presented sufficient evidence to create a genuine issue as to whether she suffered detriment. First, appellant resigned her position with Millbrook on July 17, 1987. The store where she had worked was closed and the employees laid off on September 15, 1987. At a minimum it appears that appellant may have lost almost two months of her salary. Second, appellant may have suffered detriment because she was unable to seek unemployment compensation with the status of a laid off employee.

Appellees argue that their offer to appellant of a position in the city of Mentor mitigates any detriment appellant may have suffered. In her deposition, taken by appellees, appellant stated that she had been promised a position at East 185th Street in the city of Cleveland. Appellant also stated that she did not accept appellees' offer of a position in the city of Mentor because she would not have been able to reach it by public transportation. In addition, in her affidavit opposing appellees' motion for summary judgment appellant averred that the position in the city of Mentor would be extremely inconvenient because she would not be able to reach it by public transportation. By doing so, appellant creates a genuine issue of fact which cannot be resolved by summary judgment.

Appellant's assignment of error is well taken.

The trial court is reversed and this case is remanded for further proceedings consistent with this journal entry and opinion.

JOHN V. CORRIGAN, NAHRA, and SWEENEY, J.J.