DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Mickie Ammons has appealed a decision of the Cuyahoga Falls Municipal Court granting summary judgment in favor of defendant-appellee Akromold, Inc. We affirm.
Ammons filed a complaint in Cuyahoga Falls Municipal Court against Akromold alleging breach of contract, quantum meruit, promissory estoppel, and a violation of R.C. 4113.15. Ammons became an employee of Akromold on June 8, 1962. On December 21, 1995, Ammons received an Akromold employee handbook. The handbook contained a section entitled "Vacation Program." Ammons alleged that the handbook created an employment contract pursuant to which Akromold promised to pay Ammons a sum of money called "vacation pay" either on January 1, 1996, or during Ammons' anniversary month of employment, which was to have been June, 1996. On February 23, 1996, Ammons terminated his employment with Akromold. Ammons did not receive vacation pay for the year beginning June 1995 and ending June 1996, which would have amounted to $7,131.97.
Akromold moved for summary judgment pursuant to Civ.R. 56, and Ammons opposed the motion. On July 11, 1997, the trial court granted Akromold's motion for summary judgment. Ammons appealed, assigning three errors. This Court will address Ammons' first two assignments of error together, as they are interrelated.
 I.
Ammons' first assignment of error is:
 THE COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT MICKIE AMMONS' RIGHT TO VACATION PAY DID NOT ACCRUE AS OF JANUARY 1, 1996.
Ammons' second assignment of error is:
 THE TRIAL COURT ERRONEOUSLY PERMITTED THE FORFEITURE OF MICKIE AMMONS' VACATION PAY WHEN HIS VACATION PAY WAS BASED UPON HIS PRIOR YEAR'S SERVICE
Pursuant to Civ.R. 56, summary judgment is proper when: 1) no genuine issue as to any material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Stateex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511. The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v.Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265, 278. Doubts must be resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Chaney v. Clark Cty. Agricultural Soc.
(1993), 90 Ohio App.3d 421, 424.
The Supreme Court of Ohio recently modified the summary judgment standard. Under the new standard, the moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the non-moving party's claim. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429-430.
This Court reviews a trial court's granting of summary judgment de novo. Pennsylvania Lumbermens Ins. Corp. v. LandmarkElec., Inc.(1994), 110 Ohio App.3d 732, 743. In viewing disputed evidence, all facts are construed in the non-moving party's favor.Turner v. Turner (1993), 67 Ohio St.3d 337, 341.
Akromold has argued that its employee handbook did not constitute an employment contract between it and Ammons. This Court does not need to resolve that issue. Even if the vacation pay policy set forth in the employee handbook did constitute a contract, Akromold did not breach that contract.
The section of the employee handbook that sets forth Akromold's vacation policy provides in part:
 Although the employee is given their vacation pay on their anniversary month, the actual vacation time taken will be tracked from January 1st through December 31st of each year. The actual number of weeks for vacation will be awarded on the January 1st before the employee's anniversary date.
David Burtscher was the Akromold employee responsible for deciding whether vacation benefits were to be paid. In an affidavit attached to Akromold's motion for summary judgment, he wrote:
 3. Akromold's vacation program for hourly production employees consists of two distinct components. One component is the awarding of vacation time
to employees. On January 1 of each year the Company credits the employee with the amount of vacation time to which the employee is entitled according to his years of service. * * * The second component of the program is the awarding of vacation pay to employees. Vacation pay is awarded to the employee on the first payday of the month of the employee's anniversary of hire. Employees who are discharged or who voluntarily quit their employment before their anniversary month are ineligible to receive any amount of vacation pay.
* * *
 5. To my knowledge, Akromold has never awarded vacation pay to an employee who was fired or quit before the month of their anniversary of hire. This has been the policy at Akromold for at least as long as I have been employed by the company (since 1980).
(Emphasis sic.) In his deposition, Burtscher stated that there were no other writings that pertained to the Akromold's vacation pay policy. Burtscher acknowledged in his affidavit that, had Ammons been employed by Akromold on the first payday in June 1996, Ammons would have received $7,131.97 in vacation pay.[1]
According to Burtscher's deposition, employees could take the vacation to which they were entitled at any time from January 1 to December 31 in a given year. The employee was not paid for the time he took as vacation when the vacation time was used. Rather, the employee received his or her vacation pay on the first payday of the month of his or her anniversary of hire. If, for example, an employee was entitled to one week of vacation and he elected to take that vacation in January of a given year, he would take that week off without pay. Then, on the first payday of his anniversary month, he would have received, in addition to his regular paycheck, the amount of vacation pay to which he was entitled. The employee could also elect to take his vacation time after his anniversary month, or not at all. In other words, an Akromold employee was paid for his vacation time regardless of whether he actually took vacation time off, but only if he or she was employed on the first payday of his or her anniversary month. The evidence submitted showed that, consistent with Akromold's written policy, no employee who quit or was fired before his or her anniversary month received vacation pay upon termination of employment. Pursuant to this policy, Ammons would have already received his vacation pay for his year of employment beginning June 1994 and ending June of 1995. The most he could claim, therefore, would be a pro rata portion of vacation pay from June 1995 to February 1996. Akromold's written policy, however, did not include a provision for a pro rata award. Vacation pay was awarded annually, with the first pay of an employee's anniversary month. Inasmuch as Ammons was not employed by Akromold in June 1996, he was entitled to no vacation pay at that time.
Ammons also argued that he was entitled to vacation pay on a theory of promissory estoppel. Promissory estoppel is an equitable doctrine designed to prevent the harm resulting from the reasonable and detrimental reliance of an employee upon the representations of his employer. Karnes v. Doctors Hospital
(1990), 51 Ohio St.3d 139, 142. In order for there to be promissory estoppel, the court must find that: (1) the employer made a promise clear and unambiguous in its terms to the employee; (2) the employee relied on that promise to his detriment; (3) the reliance was reasonable and foreseeable; and (4) the employee was injured by the reliance. Cohen Co. v. Messina (1985), 24 Ohio App.3d 22,26.
From the evidence in the record, this Court finds that the first prong of the above test was not met. There is no evidence that a "promise clear and unambiguous in its terms" was made by Akromold to Ammons that he would receive vacation pay if he quit or was fired before the first payday of his anniversary month. As discussed above, the terms of Akromold's written vacation policy required Ammons to be employed in June 1996 in order to be entitled to vacation pay for the period of June 1995 to June 1996.
Ammons has also argued that, pursuant to Straughn v. DillardDept. Store (March 4, 1996), Stark App. No. 96CA0294, unreported, he is entitled to the vacation pay that he seeks. To the extent that Straughn stands for a proposition that an employee is entitled to vacation pay on a theory other than breach of contract or promissory estoppel, this Court declines to follow Straughn.
Akromold was not required by law to give its employees any vacation pay whatsoever; therefore, it follows that, when it decided to award vacation pay to its employees, it could establish the rules under which it would award that vacation pay. The evidence shows that Akromold's policy was to award vacation pay to an hourly employee only if that employee had not quit or been fired by Akromold before the first payday of his or her anniversary month.
In addition, Ammons is not entitled to the vacation pay on aquantum meruit theory. There is no evidence in the record that Ammons did not receive all the wages to which he was entitled. Ammons' first and second assignments of error are overruled.
 II.
Ammons' third assignment of error is:
 THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON MICKIE AMMONS' R.C. § 4113.15 CLAIM
R.C. 4113.15(B) provides for liquidated damages to an employee where "wages remain unpaid * * * for sixty days beyond the date of * * * [an] award, or other act making wages payable and no contest[,] court order or dispute of any wage claim * * * exists for non-payment[.]" In such a case, the employer is liable to the employee for an amount equal to six percent of the unpaid amount, or two hundred dollars, whichever is greater. Id. Because we have overruled Ammons' first two assignments of error, Ammons' third assignment of error is moot. The judgment of the trial court granting summary judgment in favor of Akromold is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit, Cuyahoga Falls Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, P. J.
DICKINSON, J., CONCUR
BAIRD, J., CONCURS IN JUDGMENT ONLY
[1] According to the employee manual, vacation pay is "computed as the greater of, two (2) percent of the employee's paid wages from their last W-2 statement or 40 hours at their current pay rate, multiplied by the number of weeks of vacation earned."