OPINION
Appellant, John Mintus, appeals from the judgment of the Trumbull County Court of Common Pleas, which awarded judgment to appellee, Christina Campell, Director, Trumbull County Child Support Enforcement Agency.
On January 19, 1988, the Trumbull County Child Support Enforcement Agency ("CSEA") hired John Mintus as a fiscal officer with supervisory duties. On September 11, 1992, Mintus filed a complaint against the CSEA alleging that the CSEA adopted a personnel manual in which the CSEA declared that CSEA employees would be paid according to the "State Pay Scales" set forth in R.C. 124.15. Mintus further alleged that the CSEA failed to pay such statutory compensation to its employees and that he "has been compensated at a rate less than that provided in the personnel manual and, to such extent, has relied to his detriment."
Mintus sought a declaratory judgment determining that "the Trumbull County Child Support Enforcement Agency Personnel Manual, including its provision for statutory compensation, governs the terms and conditions of the parties' employment relationship, whether as a matter of promissory estoppel, implied-in-fact contract, or otherwise." On March 30, 1993, Mintus filed an amended complaint in which he also sought a writ of mandamus compelling the CSEA to abide by the provisions of the personnel manual and pay him $25,490.25, the difference between the salary he would have earned if he had been paid in accordance with the personnel manual and the salary actually paid to him from January 29, 1988 through August 4, 1995.
A magistrate heard the matter and filed his decision on November 20, 1996, in which he concluded that Mintus failed to meet his burden of proof relative to all claims set forth in his amended complaint and thus recommended that judgment be awarded in favor of defendants. The magistrate also made the following findings of fact and conclusions of law:
"* * *
 "7. On or about March 1, 1989, the CSEA, pursuant to state statute, drafted a personnel manual which was submitted to its employees for their information and comments. The effective date of said personnel manual was proposed to be December 4, 1989.
 "8. Mintus took an active part in developing and drafting the subject personnel manual; but there is no evidence that Mintus or his fellow employees bargained for the personnel manual.
 "9. The subject personnel manual provides at Section V that positions within the CSEA would utilize the "State Pay Scales" as are set forth in section 124.15 of the Ohio Revised Code.
"* * *
 "11. There is no evidence that the subject personnel manual was ever approved by the Administrative Judge of the Court, or the Board; there is no evidence of any Order or Judgment Entry from the Administrative Judge, or any judge of the Court, nor is there any evidence of a resolution approving the manual by the Board [of Commissioners]. Accordingly, the Magistrate finds that the subject personnel manual was submitted by the CSEA, but was never accepted or adopted by the Court or the Board and represents only the unilateral position of the CSEA.
"* * *
 "21. The magistrate finds no evidence of any promises to Mintus by the Court, the Board, CSEA, the Auditor, nor anyone with proper authority regarding the salary schedules as set forth in the personnel manual, and accordingly, Mintus was not legally justified in relying upon such provisions. Furthermore, there was no evidence that Mintus relied on the salary schedules as set forth in the manual. Mintus learned early on that the manual was not being honored and could have easily sought other employment elsewhere. There is no evidence that Mintus changed his position to his detriment in reliance on the manual. He simply would like to have earned the higher compensation as set forth in the personnel manual which he helped draft. These circumstances simply do no constitute a legally sufficient basis to permit Mintus to recover based upon the theories of promissory estoppel or implied contract.
"* * *
 "It is apparent that Mintus is attempting to alter an employment at will agreement through the claim of an implied-in-fact contract. The CSEA has admitted that Mintus was not an employee at will, and it has been stipulated that Mintus is a classified employee. Accordingly, Mintus'[s] claim of promissory estoppel is not relevant under the facts of this case. Moreover, the Magistrate finds and concludes that there is no evidence in this case regarding any promises by Defendants, or any duly authorized representative of Defendants upon which Mintus should have reasonably relied. The Magistrate further finds and concludes that any reliance by Mintus upon any provision set forth in the proposed personnel manual was not legally justified under the facts in this case.
"* * *."
On December 2, 1996, appellant filed objections to the magistrate's decision. Appellant alleged that several of the magistrate's findings of fact were irrelevant and argued that he should recover under the theory of promissory estoppel because "`injustice' can only be avoided by paying MINTUS as promised by the employer's Personnel Manual." On May 13, 1998, the trial court overruled appellant's objections, adopted the magistrate's decision, and ordered that judgment be awarded to appellee. From this judgment, appellant assigns the following error:
 "[1.] The trial court erred in adopting the magistrate's decision finding that plaintiff/relator-appellant failed to prove his amended complaint's promissory estoppel claim."
Appellant contends that he is entitled to relief because he proved each of the elements of promissory estoppel. He maintains that "injustice" can only be avoided by paying him as promised in the personnel manual.
Before we address appellant's assignment of error, we must address the trial court's misconception that the doctrine of promissory estoppel does not apply to appellant because he is not an employee at will. In Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100, 483 N.E.2d 150, at paragraph three of the syllabus, the Ohio Supreme Court specifically held that the doctrine of promissory estoppel applies and is binding to oral at-will employment agreements; however, the application of promissory estoppel to oral at-will employment agreements does not preclude its application to written employment contracts. The doctrine of promissory estoppel applies whenever:
 "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Talley v. Teamsters Local No. 377 (1976), 48 Ohio St. 142, 146, 357 N.E.2d 44.
Returning to the raised assignment of error, we cannot agree with appellant's contention that he proved each of the elements of promissory estoppel. "An essential element of any action predicated upon promissory estoppel is the detrimental reliance of the promisee upon the false representations of the promisor."Karnes v. Doctors Hospital (1990), 51 Ohio St.3d 139, 142,555 N.E.2d 280.
Appellant contends that CSEA is his employer and that its personnel manual includes a promise to its employees to set salaries in accordance with the State Pay Scales; however, the CSEA is merely an agency controlled by the Trumbull County Board of Commissioners. The evidence before the trial court demonstrated that employment decisions, including hiring, firing, and salaries, must be approved by the Board of Commissioners; therefore, the CSEA is not appellant's employer and did not have the authority to implement salary changes.
Even if the pertinent section of the personnel manual can be construed as a promise made by the CSEA, appellant cannot show any reliance on the promise because it did not induce either action or forbearance on the part of appellant. The evidence showed that appellant personally was aware of the above mentioned chain of command. Further, he was personally involved in the creation of the manual and was aware of its limitations. Appellant did not change his position in reliance on the alleged pay increase. He worked at the CSEA before the personnel manual was created and continued to work at the CSEA after the manual was drafted. Appellant did not present any evidence that he refrained from seeking other employment because he relied on the pay scale set forth in the personnel manual or that he was harmed in any way other than he would prefer to earn more money. Reliance to support a claim of estoppel must be "of a sufficiently definite and substantial nature so that injustice will result if the `promise' is not enforced. Talley at 146. No such reliance has been demonstrated in the instant case; therefore, the trial court did not err by concluding that appellant failed to prove his promissory estoppel claim. Appellant's assignment of error has no merit.
For the foregoing reasons the judgment of the Trumbull County Court of Common Pleas is affirmed.
 _____________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J.,
O'NEILL, J., Ret., Seventh Appellate District, sitting by assignment, concur.