DECISION AND JOURNAL ENTRY
Appellant Michael Jarvis appeals an order of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee Victoria Insurance Company ("Victoria"). We affirm.
In April 1998, Jarvis met with John T. Davis, an insurance agent in Akron, Ohio. Jarvis told Davis that he was interested in obtaining automobile insurance on his 1987 Ford Tempo so that his previously revoked driving privileges could be restored. As part of the application process, Davis and Jarvis discussed underinsured motorist (UM) coverage. Jarvis said that he only wanted the minimum insurance required by law. Accordingly, on the insurance application, Jarvis indicated that he declined UM coverage and signed the appropriate part of the form. A policy was issued to Jarvis by Victoria.
In early 1999, Jarvis contacted Davis and stated that he wished to change his coverage from the Ford Tempo to a 1993 Chevrolet Corsica. Davis inquired about what coverages Jarvis wanted to carry on the new vehicle, and Jarvis replied that he wanted to continue the same coverages as before.
On August 5, 1999, Jarvis was involved in an automobile accident with Bridgett Carpenter, in which Jarvis sustained injuries. Jarvis made a demand for payment on the policy from Victoria, contending that Carpenter was an uninsured motorist. Victoria denied the claim, stating that Jarvis' policy did not have UM coverage.
On October 26, 1999, Jarvis filed a complaint in the Summit County Court of Common Pleas, naming Victoria and Carpenter as defendants. The complaint alleged claims of breach of contract, bad faith, fraud, promissory estoppel, and violations of R.C. Chapter 1345. Victoria and Carpenter answered.
Victoria moved for summary judgment and submitted the affidavit of Davis. Jarvis failed to respond in opposition to Victoria's motion. On March 1, 2000, the trial court granted Victoria's motion for summary judgment.[1] This appeal followed.
Jarvis asserts two assignments of error. We will address each in turn.
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANT BY FINDING THAT THE PLAINTIFF-APPELLANT HAD DULY REJECTED UNINSURED MOTORIST COVERAGE WHERE THE APPLICATION OF DEFENDANT-APPELLEE CONTAINED NO LANGUAGE ABOUT THE PRICE OF UNINSURED MOTORIST COVERAGE, AN ESSENTIAL ELEMENT OF AN OFFER.
In the first assignment of error, Jarvis attempts to argue that Victoria was required to set forth the "price," or premium, of UM coverage in order for there to have been a valid "offer." However, this argument was not raised before the trial court, since Jarvis did not respond in opposition to the motion for summary judgment. Therefore, "[t]his Court will confine its review to the propriety of summary judgment based on the arguments and evidence before the trial court."Owens v. French Village Co. (Aug. 18, 1999), Wayne App. No. 98CA0038, unreported, at 3. Accordingly, the first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT CONCLUDED IN A SUMMARY JUDGMENT ORDER THAT THERE WAS NO GENUINE MATERIAL ISSUE OF FACT WHERE THE APPELLANT HAD FILED A MULTI-COUNT COMPLAINT ALLEGING BAD FAITH NEGOTIATIONS, BREACH OF CONTRACT, FRAUDULENT MISREPRESENTATION, AND PROMISSORY ESTOPPEL.
In the second assignment of error, Jarvis addresses the propriety of the grant of summary judgment. He contends that there were genuine issues of material fact that precluded a grant of summary judgment in favor of Victoria on each of his four claims. We will address each claim individually.[2]
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 Breach of Contract
Jarvis alleged that Victoria breached its contract by failing to pay his claim for UM coverage. It is undisputed that Jarvis declined UM coverage when the policy was issued on the Ford Tempo. The question to be resolved, therefore, is whether Victoria was obligated to re-offer UM coverage when Jarvis changed automobiles covered under the policy.
Under R.C. 3937.18(A), persons who are issued automobile liability insurance policies for automobiles registered or principally garaged in Ohio must be offered UM coverage, as well as underinsured motorist (UIM) coverage. The applicant may then accept or reject the coverages. R.C.3937.18(C). The rejection of coverage must be in writing and signed by the named insured. Id. "Unless a named insured or applicant requests such coverages in writing, such coverages need not be provided in or made supplemental to a policy renewal or replacement policy where a named insured or applicant has rejected such coverages in connection with a policy previously issued to the named insured or applicant by the same insurer." Id.
In Ferguson v. McCreedy (Mar. 15, 2000), Lorain App. No. 98CA007175, unreported, we addressed the issue of the effect of R.C. 3937.18(C) on an amendment to a policy. We held that the insurer was not obligated to re-offer UM/UIM coverage when the only changes to the policy involved the addition and removal of vehicles. Id. at 5.
In the case at bar, Davis stated in his affidavit that Jarvis declined the original offer of UM coverage in writing, pursuant to R.C. 3937.18(C). Accompanying the affidavit was a copy of the application, with Jarvis' written waiver. Davis further stated in his affidavit that when the change in vehicles was made, Jarvis affirmatively requested that the coverages not be changed.
Pursuant to Ferguson, we find that Victoria was not obligated to re-offer UM coverage, and that Jarvis' original waiver was still valid. As a result, because Jarvis' policy with Victoria did not have UM coverage, Victoria did not breach its contract with Jarvis by failing to pay his claim for UM coverage under that policy. The trial court did not err by granting summary judgment on this claim.
 Bad Faith by Insurer
The cause of action for bad faith by an insurer in paying a claim was stated in Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, paragraph one of the syllabus: "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." See, also, Motorists Mut. Ins. Co. v. Said
(1992), 63 Ohio St.3d 690, paragraphs three and four of the syllabus.
Viewing the evidence in a light most favorable to Jarvis, we conclude that the trial court correctly granted summary judgment. As we noted above, Victoria's policy with Jarvis did not contain UM coverage. Therefore, Victoria had a reasonable justification for denying Jarvis' claim for payment on UM coverage.
CFraudulent Misrepresentation
The elements of fraudulent misrepresentation are outlined in Burr v.Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
 (f) a resulting injury proximately caused by the reliance.
As the evidence before the trial court demonstrated, there was no false representation as to whether Jarvis' policy had UM coverage. There is no genuine issue of material fact on that question, and Victoria was entitled to summary judgment on this claim as well.
 Promissory Estoppel
Promissory estoppel is defined as follows: "`A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" The Limited Stores, Inc. v. Pan American WorldAirways, Inc. (1992), 65 Ohio St.3d 66, 73, quoting 1 Restatement of the Law 2d, Contracts (1981) 282, Section 90(1). "An essential element of any action predicated upon promissory estoppel is the detrimental reliance of the promisee upon the false representations of the promissor." Karnes v. Doctors Hosp. (1990), 51 Ohio St.3d 139, 142. Again, in the case at bar, there were no false representations. Therefore, the trial court did not err by granting Victoria's motion for summary judgment.
The trial court properly granted the motion for summary judgment on all of the causes of action alleged in the complaint. Accordingly, the second assignment of error is overruled.
Jarvis' two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________ Per curiam.
FOR THE COURT, BATCHELDER, P. J., WHITMORE, J., CONCURS.
QUILLIN, J., CONCURS IN JUDGMENT ONLY
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] The trial court also dismissed Carpenter, apparently sua sponte, on the grounds that none of Jarvis' complaint alleged any cause of action against Carpenter. Because this is not raised as error, we decline to address the issue.
[2] Jarvis also alleged in his complaint a claim under R.C. Chapter 1345, the Ohio Consumer Sales Practices Act. However, he has not raised that claim in his arguments before this court. Therefore, we will not address it.