DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Wood County Court of Common Pleas which, following a jury trial, found in favor of appellees, Keith and Amber Baldwin ("the Baldwins"), against appellant, Marvin Belknap. For the reasons that follow, we reverse the jury verdict as to appellant.
 {¶ 2} The relevant facts are as follows. Gary and Joanne Vogelsong ("the Vogelsongs") owned a house on Poe Road ("the property"). The Vogelsongs leased the property, with option to purchase, to Competitive Home Buyers, Inc., an Ohio Corporation, Marvin Belknap, president. The agreement commenced on June 13, 1998, and ended on June 12, 1999, and contained an option that allowed the corporation to extend the terms of the lease agreement for four additional twelve-month renewal periods.
 {¶ 3} The corporation then leased the property to Keith Baldwin, on a month-to-month tenancy, commencing on June 30, 1998. In addition, on July 6, 1998, Baldwin signed a purchase and sales agreement with the corporation for the purchase of the property.
 {¶ 4} During the next year, Baldwin attempted to obtain financing to purchase the property, but was unsuccessful. Appellant testified that he told Baldwin that he or the corporation would attempt to purchase the property and then sell it to Baldwin through a land contract. On May 10, 1999, appellant, as president of the corporation, attempted to exercise the option to renew the lease agreement and informed the Vogelsongs that the corporation would soon exercise its option to purchase the property. Despite this attempt, Gary Vogelsong replied that the terms of the lease agreement would only be extended through August 12, 1999. On August 12, 1999, Vogelsong informed the corporation that the property should be vacated by September 30, 1999. Additional correspondence went back and forth between Vogelsong, appellant, and their attorneys, regarding the corporation's intention to purchase the property and the Vogelsongs' desire to have the property vacated by September 30, 1999.
 {¶ 5} On October 1, 1999, the Vogelsongs placed a notice on the house informing the tenants to vacate the property on or before October 6, 1999. At that time, the Baldwins were out of state for an extended period due to their business. The Baldwins' caretaker called the Baldwins concerning the notice on the house and appellant was also contacted. Keith Baldwin testified that appellant told him everything would be fine, not to worry about it, and that there was nothing the Vogelsongs could do with the Baldwins' possessions until the Vogelsongs went to court. Baldwin also testified that appellant told him that the Vogelsongs could not remove the possessions because "we have got the option in for financing." Based on these assertions, Baldwin testified that he did not return back home immediately to take care of his possessions.
 {¶ 6} Appellant testified that, in October 1999, when the notice to vacate was placed on the property, the financing to purchase the property was still pending. Not until the Vogelsongs took possession of the property did appellant inform his lender to stop proceeding with the financing. Additionally, appellant testified that he informed Baldwin that an eviction takes time, approximately a month to a month and a half in court, that the placing of the notice on the door was just the first step, and that the Vogelsongs "just can't walk in the house and take it over."
 {¶ 7} Gary Vogelsong testified that he changed the locks on the property on October 8, 1999, and began moving the possession out on October 9, 1999. Vogelsong also testified that he believed the property had been abandoned by the Baldwins and, therefore, he did not have to pursue a forcible entry and detainer action in court.
 {¶ 8} The Baldwins alleged that their personal property was damaged when the Vogelsongs removed it. The instant action resulted. The Baldwins sued the Vogelsongs and Marvin Belknap, individually, and d.b.a. Competitive Home Buyers, Inc. In addition, the defendants filed counterclaims and cross-claims. The matter proceeded to jury trial. All claims were dismissed by way of summary judgment and directed verdict except for the Baldwins' claims against the Vogelsongs for conversion and negligence, Keith Baldwin's claim against appellant, personally, on the basis of promissory estoppel, and the Vogelsongs' counterclaim against the Baldwins for damage to the house. These claims were submitted to the jury for its determination.
 {¶ 9} The jury returned the following verdicts: (1) for the Vogelsongs against the Baldwins in the amount of $9,000; (2) for the Baldwins against the Vogelsongs in the amount of $4,000; and (3) for Keith Baldwin against appellant in the amount of $45,000. Following the trial, appellant filed a motion for judgment notwithstanding the verdict, claiming the following: (1) no agreement existed between Baldwin and Belknap; (2) promissory estoppel is not applicable to this action; (3) any damages referenced at trial were not proximately caused by any action or inaction of Belknap; (4) damages awarded by the jury were clearly excessive and not related to the relationship of the parties; and (5) the verdict was against the weight of the evidence. The trial court denied appellant's motion on November 9, 2001.
 {¶ 10} Appellant timely appealed and raises the following assignments of error:
 {¶ 11} "1. The trial court erred in failing to grant summary judgment to Marvin Belknap.
 {¶ 12} "2. The trial court erred when the court and not the jury `pierced the corporate veil' to establish liability on Marvin Belknap.
 {¶ 13} "3. The trial court erred in failing to grant judgment in Marvin Belknap's favor.
 {¶ 14} "4. The trial court improperly answered the juries [sic] question made during deliberation."
 {¶ 15} We find that appellant's third assignment of error is dispositive of this appeal. Appellant argues that the trial court erred in failing to grant judgment against him with respect to Baldwin's claim based upon promissory estoppel. We agree.
 {¶ 16} The trial court instructed the jury as follows regarding Baldwin's claim against appellant:
 {¶ 17} "As you will recall, the third claim is one by Keith Baldwin against Marvin Belknap for estoppel. Keith Baldwin claims that the co-defendant Marvin Belknap made a promise that everything will be okay and that the Vogelsongs cannot do what they're threatening to do, upon which the Plaintiff relied, and the Defendant should be bound even if no contract was made between them.
 {¶ 18} "Plaintiff claims that defendant purposely induced him to act to his detriment by defendant's words. You will find for Keith Baldwin if you find by the greater weight of the evidence that: (a) defendant made a false or misleading material statement or, in the alternative concealed or withheld facts material to the transaction that he could or should have revealed; and (b) defendant knew or should have known the truth; and (c) plaintiff's knowledge of the facts was less than that of the defendant; and (d) defendant intended and reasonably expected plaintiff to rely on defendant's statement or concealment; and (e) plaintiff reasonably relied on the statements or concealment of defendant to his harm."
 {¶ 19} As the jury was instructed, "[a]n essential element of any action predicated upon promissory estoppel is the detrimental reliance of the promisee upon the false representations of the promisor." Karnes v.Doctors Hosp. (1990), 51 Ohio St.3d 139, 142. In this case, there was no false representation by appellant upon which Baldwin could have relied to his detriment.
 {¶ 20} The "promise" or material misrepresentation in this case is predicated on appellant's statements to Baldwin that everything would be okay and that the Vogelsongs cannot do what they're threatening to do. Based on Baldwin's testimony, these statements refer to the fact that appellant was attempting to purchase the property from the Vogelsongs and that the Vogelsongs could not do anything with the Baldwins' possessions until the Vogelsongs went to court.
 {¶ 21} The Vogelsongs, however, did not initiate a forcible entry and detainer action before taking possession of the property and removing the Baldwins' possessions. The Vogelsongs believed no court action was required because they thought the property was abandoned. Based on this defense, the jury was instructed that if it found that the property was abandoned, then it must enter a verdict for the Vogelsongs with respect to the Baldwins' claims. Insofar as the jury awarded damages to the Baldwins against the Vogelsongs, it was implicit in the jury's verdict that it found the property was not abandoned.
 {¶ 22} We find that, because the property was not abandoned, the Vogelsongs were required by law to initiate a forcible entry and detainer action to lawfully gain possession of the property and evict the Baldwins. The trial court even noted that counsel "pretty much conceded that the proper eviction process was not followed" by the Vogelsongs.
 {¶ 23} As such, we find that appellant's representations to Keith Baldwin were true. In order for the Vogelsongs to lawfully take possession of the property and evict the Baldwins, they had to initiate the appropriate legal proceedings in court. The fact that the Vogelsongs wrongfully took possession of the property, and failed to file a forcible entry and detainer action, does not make appellant's statement to Baldwin untrue. Rather, appellant's assessment of the situation was correct, assuming the Vogelsongs' behaved lawfully. As it turned out, the Vogelsongs did not act lawfully; however, appellant simply had no control over their actions. Had the Vogelsongs followed proper procedure, the Baldwins would have had ample time to return home and secure their belongings.
 {¶ 24} Additionally, appellant's representation that he was attempting to obtain financing to purchase the property from the Vogelsongs was also true. Financing for the property was still pending with appellant's lender at the time the Vogelsongs wrongfully took possession of the property. It is true that despite appellant's representation that everything would be okay, everything was not okay; however, it was the unlawful actions of the Vogelsongs that prevented appellant from keeping his promise to Baldwin. Appellant could not have anticipated the Vogelsongs' intervening wrongful acts and is not responsible for them.
 {¶ 25} Accordingly, we find that appellant made no material misstatements to Baldwin. We further find, as a matter of law, that appellant is not liable to Baldwin on the basis of promissory estoppel. As such, the trial court erred in not granting appellant's motion for judgment notwithstanding the verdict on this basis. Appellant's third assignment of error is therefore found well-taken.
 {¶ 26} Based on our ruling with respect to appellant's third assignment of error, we find that the remaining assignments of error are moot and, thus, found not well-taken.
 {¶ 27} On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Wood County Court of Common Pleas is reversed. Keith Baldwin's judgment against Marvin Belknap is ordered vacated. This matter is remanded to the trial court for the purpose of entering judgment for Marvin Belknap on the court's docket; however, this matter is not returned for a new trial. Upon review of the trial court's record, it is evident that the Baldwins entered a satisfaction of judgment in the trial court with respect to their claims against the Vogelsongs. Accordingly, based on our decision and the satisfaction of judgment against the Vogelsongs, there remain no issues against any defendant for the trial court's further consideration.
 {¶ 28} Costs of this appeal to be paid by Keith Baldwin.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.