STULL et al., Appellants,

v.

COMBUSTION ENGINEERING, INC., Appellee.

[Cite as *Stull v. Combustion Engineering, Inc.* (1991), 72 Ohio App.3d 553.]

Court of Appeals of Ohio,
Seneca County.

No. 13–89–49.

Decided Feb. 19, 1991.

**554**

*Kurfess & Hammer* and *James A. Hammer; Terry J. Lodge,* for appellants.

*Duvin, Cahn & Barnard* and *Lee J. Hutton,* for appellee.

SHAW, Judge.

This is an appeal by plaintiffs-appellants, James L. Stull, J. James Schostek, William Gerwin, Robert Fassler and Glen Zeiter, from a decision rendered by the Seneca County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Combustion Engineering, Inc.

The complaint in this action, filed on May 21, 1986, and amended on June 6, 1989, alleged appellants' wrongful discharge from employment with appellee. In its defense and in support of its motion for summary judgment, appellee argued that appellants were employees at will, who were laid off pursuant to a reduction in force.

Appellants assign one error to the judgment of the trial court, alleging that the court erred in granting appellee's motion for summary judgment. In this regard, appellants maintain that genuine issues of material fact exist regarding the nature of their employment with appellee. Specifically, appellants allege the existence of express and implied contracts with appellee that secured appellants' positions with appellee until their retirement. In addition, one appellant, James L. Stull, relies upon the doctrine of promissory estoppel. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.

Appellants allege that certain provisions in appellee's personnel manual, "C–E Corporate Personnel Manual,"[1] rebut the long-established presumption in Ohio of employment at will. Appellants assert that their position in this regard is further substantiated by the reference in the "Basic Incorporated Pension Plan for Salaried Employees" to a "normal retirement date" of age sixty-five.

The doctrine of employment at will was explained in *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118, as follows:

" 'Generally speaking, a contract for permanent employment, for life employment, or for other terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the the employment, amounts to an indefinite general hiring terminable at the will of either party, and a discharge without cause does not constitute a breach of such contract justifying recovery of damages. * * * The same is true where the contract of hiring specifies no term of duration but fixes compensation at a certain amount per day, week, or month. * * * Although not absolute, the above stated rule appears to be in the nature of a strong presumption in favor of a contract terminable at will unless the terms of the contract or other circumstances clearly manifest the parties' intent to bind each other.' " *Id.* at 255, 74 O.O.2d at 418, 344 N.E.2d at 122–123, quoting *Forrer v. Sears, Roebuck & Co.* (1967), 36 Wis.2d 388, 393, 153 N.W.2d 587, 589–590.

In *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, the court recognized two exceptions to the employment-at-will doctrine that would alter the at-will employment agreement and limit the terms for discharge.[2] First, the court recognized that the facts and circumstances surrounding the oral employment agreement could conceivably limit an employer's right to terminate an employee for any cause or no cause at all. The court set forth this first exception as follows:

"The facts and circumstances surrounding an oral employment-at-will agreement including the character of the employment, custom, the course of

---

1. Plaintiffs state in their brief that they rely on the provisions of the manual " * * * which distinguished long-term 'regular' employees from 'temporary' employees; which provided a system of merit pay increased [*sic*], coupled to employee evaluations; which guaranteed long-time employees special consideration in the event of a layoff, aimed at enhancement of employee morale and productivity; [and] which recognized tenure in severance pay provisions."

2. We are aware that the employment-at-will doctrine is subject to the further limitation that the termination of the employment relationship not be for any reason contrary to law. *Mers, supra,* paragraph one of the syllabus.

dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge." *Id.* at paragraph two of the syllabus.

■ Having reviewed the record, we note several factors that are dispositive of appellants' argument that genuine issues of fact exist regarding the nature of their employment. First, there is no dispute whatsoever, and it is conceded by appellants, that due to economic conditions, defendant experienced a legitimate reduction in force. Secondly, it is undisputed that the alleged employment contract did not insulate appellants from layoffs and that appellants' terminations were in fact made pursuant to the reduction in force. Thus, even construing the evidence in a light most favorable to appellants, and, assuming we thereby could conclude that genuine issues of fact remain regarding the existence of an employment contract, summary judgment would still be appropriate because there is no provision that forbids appellee from laying off appellants pursuant to a reduction in force.[3]

Furthermore, we cannot conceive of a more appropriate situation, notwithstanding an implied employment contract, where just cause for termination can be said to exist, than in the instance of a bona fide reduction in force. The following language, used by the Kentucky Court of Appeals, in considering the issue, aptly states our position:

"An employee at a buggy factory could hardly have been considered 'wrongfully discharged' when the advent of the automobile eliminated any appreciable demand for buggies. An action for wrongful discharge does not lie for one whose loss of work is actuated by the elimination of the job itself due to legitimate economic or business reasons * * *." *Nork v. Fetter Printing Co.* (Ky.App.1987), 738 S.W.2d 824, 827.

Thus, we conclude that, as to appellants' contractual theory of recovery, summary judgment was appropriate. We now turn to a consideration of the contention of James L. Stull that the doctrine of promissory estoppel prohibited termination of his position.

In this vein, Stull contends that he relied to his detriment on statements that he would have a secure position until retirement. Stull makes specific reference to (1) the existence of a pension plan that provided for normal

---

**3.** We note that appellants' brief alludes to a possible claim that appellee did not follow corporate policy in failing to allow more senior employees to "bump" their less senior co-workers in the event of a reduction in force. However, there is no evidence in the record to support this claim. Moreover, appellants' statement that the referenced portion of the deposition testimony of William Strang, a manager in appellee's company, supports this claim is inaccurate.

retirement at age sixty-five, (2) positive comments about Stull's performance in his annual evaluations, and (3) various statements in the corporate personnel manual regarding merit salary increases and the job security of "regular employees," "loyal and dedicated employees" and "long service employees."

The second exception recognized in *Mers, supra,* to the doctrine of employment at will was the quasi-contractual theory of promissory estoppel. Paragraph three of the court's syllabus in *Mers* states as follows:

"The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."

In *Cohen v. Messina* (1985), 24 Ohio App.3d 22, 26, 24 OBR 44, 48, 492 N.E.2d 867, 872, the Cuyahoga County Court of Appeals set forth the *prima facie* elements necessary for the application of the doctrine of promissory estoppel:

"[1] There must be a promise, clear and unambiguous in its terms, [2] reliance by the party to whom the promise is made, [3] the reliance must be reasonable and foreseeable, and [4] the party claiming estoppel must be injured by the reliance."

A promise is defined in Restatement of the Law 2d, Contracts (1981) 8, Section 2(1), as " * * * a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made."

As recognized previously, in the case *sub judice,* neither the personnel manual nor the pension plan conveyed any promise to appellants which would serve to prohibit appellee from laying off its employees in the instance of a reduction in force. Therefore, the referenced items do not satisfy the initial requirement of a promise on the part of the employer that would have prohibited the layoff. Nor do we find the positive comments made about Stull in his annual evaluations to satisfy this requirement.

However, a different situation is presented by Stull's claim that his immediate supervisor, on two separate occasions, remarked that Stull would be around until the plant closed. Thus, we find that the supervisor's remarks, made in the context of discussing Stull's future with the company in the event of a reduction in force, when considered in light of Stull's thirty-four-year tenure with the company and appellee's policy regarding seniority rights, could reasonably be construed as a promise for continued employment until Stull retired, or at the very least, until the company was forced to finally close

its doors as a going concern. We are unable to say that reasonable minds could not differ as to this point.

Moreover, inasmuch as there is some evidence in the record as to Stull's reliance upon these representations, the applicability of the doctrine of promissory estoppel is an issue which should have been resolved by the trier of fact. To that extent, appellants' assignment of error is well taken.

For the reasons previously set forth, we affirm the judgment of the trial court awarding summary judgment in favor of appellee and dismissing the claims of James Stull, William Gerwin, Randy Fassler, J. James Schostek and Glen Zeiter on their contractual theory of recovery. We reverse the judgment as to James Stull regarding his quasi-contractual theory of promissory estoppel and remand the cause to the trial court for further proceedings, consistent with this opinion, on that issue only.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.