[Cite as *Countywide Petroleum Co. v. El-Ghazal Gasoline Servs., Inc.*, 2012-Ohio-1009.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| COUNTYWIDE PETROLEUM CO. | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2011 CA 00120 |
| EL-GHAZAL GASOLINE SERVICES,<br>INC., et al. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2009 CV 01624

JUDGMENT:                    Affirmed in part; Reversed in Part and
                             Remanded

DATE OF JUDGMENT ENTRY:      March 12, 2012

APPEARANCES:

For Plaintiff-Appellant          For Defendants-Appellees

MARY DAVIS
SEELEY, SAVIDGE, EBERT
& GOURASH
26600 Detroit Road
Cleveland, Ohio  44145-2397

*Wise, J.*

**{¶1}** Plaintiff-Appellant Countywide Petroleum Company ("CWP") appeals the decision of the Stark County Court of Common Pleas, which granted judgment against Defendant-Appellee El-Ghazal Gasoline Service, LLC ("EGS") in a dispute over payment for approximately $82,000.00 of gasoline delivered to a service station operated by EGS. The relevant facts leading to this appeal are as follows.

**{¶2}** Appellant CWP is a wholesale supplier of gasoline. Jad El-Ghazal is the sole owner of El- Ghazal Gasoline Service, LLC, which operates a gas station located on Wales Road NE in Massillon, Ohio. Danielle El Ghazal is Jad's spouse.

**{¶3}** It appears undisputed that on December 1, 2006, EGS submitted a credit application with personal guarantees to CWP; however, it was denied. Accordingly, CWP sold wholesale gasoline to EGS for a time on a cash basis. When customers utilized a credit card for gasoline or in-store convenience products, the payments were processed through either Sunoco's own credit card services or Petroleum Card Services, Inc.[1] These credit card payments would be deposited by the credit card processors into CWP's account; CWP would then advance the necessary credits to EGS.

**{¶4}** On April 28, 2008, Jad El-Ghazal signed a line of credit promissory note and a guaranty agreement with cognovit provisions.

---

[1] The record indicates that the credit card processing entities varied at times, depending on the type or brand of products the station sold to the public. However, we find focusing on the details of these processing arrangements is not pertinent to resolving this appeal.

**{¶5}** On November 17, 2008, EGS submitted another credit application to CWP, which contained personal guarantees signed by Jad El-Ghazal and Danielle El-Ghazal.

**{¶6}** Appellant first noticed some discrepancies in December 2008, particularly as to the Petroleum Card Services credits for the period from August 2008 through December 2008. Jad El-Ghazal resolved that issue by authorizing a bank draft to appellant of approximately $24,500.00. However, a further audit in March 2009 indicated that an additional $82,363.93 was owed to appellant. This apparently resulted from a misdirection of credits to EGS instead of CWP's account.

**{¶7}** Appellant filed suit against Appellee EGS, Jad El-Ghazal, and Danielle El-Ghazal personally on April 23, 2009. Appellant sought cognovit judgment and alleged breach of contract (Count I), fraud (Count II), promissory estoppel (Count III), unjust enrichment (Count IV), and replevin (Count V).

**{¶8}** A judgment by confession was thereupon entered against EGS and Jad El-Ghazal in the amount of $50,000.00.

**{¶9}** However, on May 4, 2009, EGS, Jad El-Ghazal, and Danielle El-Ghazal filed a motion to vacate the judgment. The court thereupon ordered items seized by the Sheriff to be released and placed the matter on the trial docket. The case proceeded to a bench trial on April 14 and 15, 2010.

**{¶10}** On April 29, 2011, the trial court issued an eighteen-page judgment entry finding Appellee EGS liable to Appellant CWP for $82,363.93, but finding no personal liability against Jad or Danielle El-Ghazal.

{¶11} On May 25, 2011, appellant filed a notice of appeal in order to challenge the trial court's finding of no personal liability. It herein raises the following three Assignments of Error:

{¶12} "I.    THE TRIAL COURT ERRED WHEN, EVEN THOUGH THE DEFENDANT JAD EL-GHAZAL HAD ADMITTED PERSONAL LIABILITY, THE COURT FOUND NO PERSONAL LIABILITY FOR JAD EL-GHAZAL.

{¶13} "II.    THE TRIAL COURT ERRED WHEN, EVEN THOUGH JAD EL-GHAZAL HAD STATED THAT HE HAD DUTIES AND OBLIGATIONS UNDER A CERTAIN DOCUMENT HE HAD SIGNED, THE COURT FOUND THE DOCUMENT TOTALLY UNENFORCEABLE AS A CONTRACT, EVEN THOUGH THERE WAS A SEVERABILITY CLAUSE.

{¶14} "III.    THE COURT ERRED WHEN IT DID NOT FIND JAD EL-GHAZAL LIABLE UNDER A PROMISSORY ESTOPPEL THEORY."

I., II.

{¶15}   In its First and Second Assignments of Error, appellant contends the trial court erred regarding Jad El-Gahazal's personal contractual liability. We disagree.

{¶16}   As an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911. It is well-established that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See,

e.g., *Taralla v. Taralla,* Tuscarawas App.No. 2005 AP 02 0018, 2005–Ohio–6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

**{¶17}** The elements of a contract include the following: an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration. *Altek Environmental Serv. Co. v. Harris,* Stark App.No. 2008CA00138, 2009-Ohio-2011, ¶ 19, citing *Kostelnik v. Helper,* 96 Ohio St.3d 1, 770 N.E.2d 58, 2002-Ohio-2985, ¶ 16.

**{¶18}** In the case sub judice, there were several writings presented to the trial court regarding the purchase arrangement for gasoline by EGS. The trial court heard the evidence and first determined that the December 1, 2006 personal guarantees were unenforceable because that credit application had been denied. The court also determined that the line of credit promissory note and written guaranty of April 28, 2008 were unenforceable because there was no amount stated therein as to an amount of credit requested, which the court concluded was a material term. Finally, the court concluded that the personal guarantees of November 17, 2008 were unenforceable, again on the basis that no amount was stated regarding the amount of credit. See Judgment Entry at 12.

**{¶19}** Appellant nonetheless directs us to Exhibit 18, which is an affidavit filed by Jad El-Ghazal. In pertinent part, Jad averred:

**{¶20}** "[Concerning] Exhibit A purporting to be a cognovit note. This document was not only <u>not</u> signed by the Defendant El-Ghazal Gasoline Service LLC or my wife, Danielle El-Ghazal, but in addition it is an altered document, a forgery. I signed the document without any handwriting except my personal signature. Attached hereto as

Exhibit A, is a copy of what I signed, which I kept with my records. *My agreement with the Plaintiff was that I will pay each invoice within 30 days which the incomplete note so provides.* There is no allegation or evidence that any amount was unpaid and outstanding over the 30 day period." (Emphasis added).

{¶21} Appellant CWP maintains that based on the foregoing from the affidavit, the contents of which were reaffirmed by Jad El-Ghazal during trial (Tr. at 102), Jad El-Ghazal admitted his personal liability and there was a meeting of the minds as to his personal responsibility for the CWP invoices. Appellant argues that CWP expected Jad El-Ghazal to be personally responsible for the payment of the invoices, which is why it had him sign the line of credit promissory note and guaranty. Appellant additionally argues that the line of credit promissory note, to which Jad referred in his affidavit, has a severability clause, such that any provision found to be invalid would not affect the enforceability of any other provision. In essence, appellant contends that while the cognovit provisions may be unenforceable due to the failure of the parties to fill in blanks on the form, the obligation to pay is still enforceable according to Jad El-Ghazal's own statement.

{¶22} We find appellant is essentially arguing that Jad El-Ghazal, via his affidavit, was ratifying the unenforceable personal contractual obligations to pay for the gasoline. The Ohio Supreme Court has long recognized: "Ratification means that one under no disability voluntarily adopts and gives sanction to some unauthorized act or defective proceeding, which without his sanction would not be binding on him. It is this voluntary choice, knowingly made, which amounts to a ratification of what was theretofore unauthorized, and becomes the authorized act of the party so making the

ratification." *Hampshire County Trust Co. of North Hampton, Mass., et al. v. Stevenson, et al.* (1926), 114 Ohio St. 1, 15, 150 N.E. 726, 730.

{¶23} Jad's affidavit clearly asserts his position that the line of credit promissory note was a "forgery." Upon review, we find the trial court in the case sub judice had before it competent, credible evidence to determine that Jad El-Ghazal had not ratified or acquiesced to any of the personal contractual guarantees asserted by Appellant CWP, and that such determination was not affected by any severability clause.

{¶24} Accordingly, appellant's First and Second Assignments of Error are overruled.

III.

{¶25} In its Third Assignment of Error, appellant contends the trial court erred in not applying the doctrine of promissory estoppel to find Jad El-Ghazal liable. We agree.

{¶26} Promissory estoppel is an equitable doctrine for preventing the harm resulting from reasonable reliance upon false representations. *GGJ, Inc. v. Tuscarawas Cty. Bd. of Commrs.,* Tuscarawas App.No. 2005AP070047, 2006–Ohio–2527, ¶ 11, citing *Karnes v. Doctors Hosp.* (1990), 51 Ohio St.3d 139, 142, 555 N.E.2d 280. The party asserting promissory estoppel bears the burden of proving, by clear and convincing evidence, all of the elements of the claim. *In re Estate of Popov,* Lawrence App. No. 02CA26, 2003–Ohio–4556, ¶ 30. The elements necessary to establish a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the reliance. *Schepflin v. Sprint–United Telephone of Ohio* (April 29, 1997), Richland App.No. 96–

CA–62–2, citing *Stull v. Combustion Engineering, Inc.* (1991), 72 Ohio App.3d 553, 557, 595 N.E.2d 504.

**{¶27}** In the present appeal, no appellee's brief has been filed by any of the defendants. App.R. 18(C) states in pertinent part: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶28}** In the case sub judice, the trial court relied upon R.C. 1302.04(A) in determining that Appellee EGS was not subject to promissory estoppel. Said statute provides:

**{¶29}** "Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this division beyond the quantity of goods shown in such writing."

**{¶30}** The trial court, having heard the evidence and reviewed the exhibits, determined that EGS had accepted the goods, which constituted partial performance. See Judgment Entry at 14. Under Ohio's version of the UCC, partial performance, as embodied in R.C. 1302.04(C), can operate as an exception to the requirement of a writing set forth in R.C. 1302.04(A), supra. See *Summit Tree & Landscaping v. Stow*

*Contracting, LLC,* Summit App.No. 24515, 2009-Ohio-5794, ¶ 13. The trial court thus determined that the valid oral contract between CWP and EGS made promissory estoppel inapplicable as a theory of recovery. Judgment Entry at 15. See, e.g., *Gibson Real Estate Mgt., Ltd. v. Ohio Dept. of Admin. Servs.*, Ohio Ct. Cl. No. 2005-07658, 2006-Ohio-620, ¶ 13, citing *Warren v. Trotwood-Madison City Sch. Dist. Bd. of Educ.* (Mar. 19, 1999), Montgomery App. No. 17457 (holding that "promissory estoppel is not available as a remedy where the legal relationship between the parties is governed by a valid and enforceable contract.")

**{¶31}** Upon review, we initially reach the same conclusion as the trial court as to the limited liability company, EGS. In other words, we find no reversible error in the trial court's conclusion that promissory estoppel was not available as a theory of recovery against EGS in light of the R.C. 1302.04(C)-based contract. However, under the facts and circumstances presented, we are persuaded that Jad El-Ghazal, who was not bound by such contract, would be liable under a promissory estoppel theory, as he admitted to personally promising to pay the gasoline delivery invoices (Exhibit 18, supra), which promise was reasonably relied upon by appellant to its financial detriment.

**{¶32}** Appellant's Third Assignment of Error is therefore sustained.

{¶33} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part, reversed in part, and remanded with directions to enter additional judgment against Jad El-Ghazal personally on appellant's claim of promissory estoppel.

By: Wise, P. J.

Edwards, J., and Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


COUNTYWIDE PETROLEUM CO.  :
              :
  Plaintiff-Appellant    :
              :
-vs-            :     JUDGMENT ENTRY
              :
EL-GHAZAL GASOLINE    :
SERVICES, INC., et al.     :
              :
  Defendants-Appellees  :    Case No. 2011 CA 00120


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Costs to be split equally among the parties.


            _____


            _____


            _____

                JUDGES