[Cite as *Douglass v. Provia Door, Inc.*, 2013-Ohio-2853.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DALE DOUGLASS | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2012 AP 05 0034 |
| PROVIA DOOR, INC. | |
| | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2011 CT 04 0456

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 28, 2013

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

VIVIANNE WHALEN                         EVELYN P. SCHONBERG
Suite 206 Belden Village Tower          ROSS, BRITTAIN & SCHONBERG
4450 Belden Village Street, NW          6480 Rockside Woods Blvd., Suite 350
Canton, Ohio  44718                     Cleveland, Ohio  44131

*Wise, J.*

{¶1}   Appellant Dales Douglass appeals the decision of the Tuscarawas County Court of Common Pleas granting Appellee Provia Door, Inc.'s Civ.R. 12(B)(6) motion to dismiss.

## STATEMENT OF THE FACTS AND CASE

{¶2}   In 1997, Appellee Provia Door, Inc. hired Appellant Dale Douglass as a truck driver.

{¶3}   Appellant was diagnosed with cancer and underwent two surgeries between September, 2005 and March, 2006. (T. at 48). Following both surgeries, Appellant returned to work. (T. at 48-49).

{¶4}   On September 3, 2009, Appellant was laid-off.

{¶5}   On April 27, 2011, Appellant filed a pro se Complaint alleging claims under the Americans with Disabilities Act (ADA), state disability discrimination claims under R.C. §4112.02 and wrongful discharge.

{¶6}   The case was set for a bench trial to commence on April 12, 2012.

{¶7}   Prior to trial, Appellee filed a Motion in Limine seeking preliminary rulings on the untimeliness of Appellant's ADA claim and Appellant's failure to state a claim upon which relief can be granted under R.C. §4112.02.

{¶8}   On the morning of the bench trial, the trial judge conducted a preliminary hearing pursuant to Civ. Rule 12(D) and pursuant to Appellee's pending Motion in Limine. (T. at 20-22).

{¶9}   During the hearing, Appellant admitted to receiving notice that his ADA action must be filed on or before December 15, 2010. (T. at 29-30).

{¶10} Appellant stated: "I filed a retaliation claim and age discrimination with the EEOC. American Disability Act never came into a factor. As a matter of fact, this lawsuit is based on wrongful termination lawsuit. I wasn't involving American Disability." *Id.* at 33-34.

{¶11} The following colloquy between the trial court and Appellant then ensued:

{¶12} "THE COURT: Now, in your Complaint, let me read again paragraph 3, it says, "I, myself, the Plaintiff, Dale Douglass, states that I can prove this company terminated my position in violation of the ADA and the Ohio Disability Discrimination laws." That clearly tells me as a lawyer that you are claiming that the Defendant violated those laws in terminating you. I hear you telling me something very different now, Mr. Douglass. I hear you saying that your claim against the Defendant today is on a wrongful termination or wrongful discharge, not a wrongful termination or discharge based on the ADA or 4112.02 of the Ohio Anti Discrimination laws. Am I correct or not?

{¶13} "MR. DOUGLASS: You are correct, Your Honor." (T. at 34-35).

{¶14} During the hearing, the trial court found that Plaintiff "failed to state a claim upon which relief can be granted relating to the ADA federal statute and relating to the Anti Discriminatory state in Ohio law, 4112.02." (T. at 36). In addition, the trial court held that Appellee's Civ.R. 12(B)(6) defenses contained in its Answer at paragraphs 9 and 11 were well-taken, and dismissed both the ADA claim and the R.C. §4112.02 claims with prejudice. (T. at 36-37).

{¶15} The trial court then went on to hear argument as to Appellant's wrongful discharge claim from Appellee's counsel and Appellant himself.

{¶16} After hearing such arguments, the trial court held:

**{¶17}** "…I've already ruled that to the extent that your Complaint filed on April 27, 2011, asserted or alleged claims against Provia Door, Incorporated under the Americans with Disabilities Act and the Ohio counterpart, the Ohio Disability Anti Discrimination Law at 4112.02 of the Ohio Revised Code, Section 4112.02 of the Revised Code, [sic] to the extent your Complaint at paragraph 3 or elsewhere alleges claims under those two statutes, the federal statute and the state statute, I am dismissing those claims for the reasons I've already indicated that they are time barred. That is, that you have failed to timely assert those claims in your Complaint that you had an obligation under law to have filed them earlier and did not.

**{¶18}** " …

**{¶19}** "So, your sole recourse under the law when you are an employee at will is within the unemployment compensation administration framework. The law does not allow you to receive any compensation from the employer in this lawsuit for wrongful termination because you have not invoked your right to compensation for wrongful termination under any statute. The ADA and the Ohio Anti Discriminatory statutes we talked about. I made rulings on those. If I had not ruled that you couldn't recover under those two statutes we would have a trial today where I would then make decisions of fact and law determining whether you had proved that your were wrongfully terminated under either the ADA of the Anti Discrimination Laws of Ohio. I made a ruling on that barring you from seeking compensation on those claims for the reasons I've already indicated.

**{¶20}** "…

**{¶21}** "Okay. I'm ruling as a matter of law, not on the merits of whether you should've been terminated or not, but on the law that you cannot seek compensation on a wrongful discharge, what we call a civil tort. Like negligence, if I was involved in a traffic crash with you and I was negligent in the operation of my motor vehicle causing the crash and causing you injuries, you could sue and recover for my civil tort negligence. However, there is no civil tort of wrongful discharge but there is statutory recovery possible that I have eliminated in this case, the ADA and Ohio Anti Discrimination, statute 4112.02, leaving you with no civil tort or cause of action under the wrongful discharge, Dale." (T. at 62-68).

**{¶22}** The trial court memorialized its decision in writing by Judgment Entry filed April 13, 2012, wherein in its Findings, the trial court stated:

**{¶23}** "FINDS that after considering the legal arguments … Plaintiff is barred from asserting the following claims against the Defendant:

**{¶24}** "Claim for Monetary Damages under Americans with Disabilities Act (A.D.A.)

**{¶25}** "Claim for Monetary Damages under R.C. 4112.02 (Unlawful Discriminatory Practices)

**{¶26}** "Wrongful Discharge

**{¶27}** "FINDS that as a matter of law, the Statutory Claims of Plaintiff under the A.D.A. and R.C. 4112.02 are time barred.

**{¶28}** "FINDS that Plaintiff's Wrongful Discharge Claim must be dismissed because Plaintiff has failed to state a claim that is compensable under Civil Tort Theory."

{¶29} Following a motion by Appellee, the trial court filed a "nunc pro tunc" entry which stated it was "correcting a clerical error on page two of the 4/13/2012 Judgment Entry" and changed the reason for the dismissal of Appellant's claims pursuant to R.C. §4112.02. The April 18, 2012, Judgment Entry states the claims under R.C. §4112 were dismissed for failure to state a claim upon which relief may be granted. No reason was given for the dismissal of the ADA claim. (See April 18, 2012, Judgment Entry at 3).

{¶30} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶31} "I. THE TRIAL COURT ERRED BY SUE (SIC) SPONTE DISMISSING APPELLANT'S DISABILITY CLAIMS WITH PREJUDICE WITHOUT A TRIAL ON THE MERITS.

{¶32} "II. THE TRIAL COURT ERRED BY ISSUING A NUNC PRO TUNC ORDER WHICH MATERIALLY ALTERED ITS ORIGINAL JUDGMENT ENTRY."

### I.

{¶33} In his First Assignment of Error, Appellant argues the trial court erred in dismissing Appellant' claims with prejudice. We agree.

{¶34} Appellee herein filed a Motion in Limine, pursuant to Evid.R. 611(A), with the trial court. In said motion, Appellee argued that Appellant's ADA action was time-barred and that only R.C. §4112.02 action remained. Appellee further requested that a witness subpoena be quashed.

{¶35} While Appellee did argue in its Motion in Limine that Appellant's ADA was untimely and should be dismissed, Appellee did not file a Motion to Dismiss pursuant to Civ.R. 12(B)(6), or any other rule, with the trial court.

**{¶36}** The trial court, however, stated during its hearing that it was dismissing both Appellant's ADA and R.C. §4112 disability claims for failure to state a claim upon which relief can be granted.

**{¶37}** Civ.R. 12(B) provides that:

**{¶38}** "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

**{¶39}** This Court reviews a trial court order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004–Ohio–4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 2002–Ohio-2480, ¶ 4–5. In reviewing a motion to dismiss, this Court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the nonmoving party. *Rossford* at ¶ 5; *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192 (1988). "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." *Raub v. Garwood,* 9th Dist. No. 22210, 2005–Ohio–1279, ¶ 4, citing *O'Brien v. Univ. Community Tenants Union,* 42 Ohio St.2d 242, 245 (1975). "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are

not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civ.R. 12(B). Under those circumstances, the trial court shall give the parties a reasonable opportunity to present all pertinent Civ.R. 56 evidence. *Id.*

**{¶40}** If a court converts a case from a motion to dismiss for failure to state a claim to a summary judgment, it must provide all parties notice of its intent to do so at least 14 days prior to the hearing on the motion. *Petrey v. Simon,* 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983), paragraphs one and two of the syllabus.

**{¶41}** Appellant claims that the trial court considered matters outside of the Complaint. Thus, Appellant insists, the court converted a Civ.R. 12(B)(6) motion to a summary judgment and failed to provide the requisite notice to the parties.

**{¶42}** Appellant is correct. A reading of the Complaint does not support a finding that Appellant's disability claims pursuant to R.C. 4112 are time barred as being filed outside of the applicable statute of limitations or that such fails to state a claim upon which relief can be granted.

**{¶43}** Consideration by the court of anything outside the four corners of the complaint is improper when considering a Civ.R. 12(B)(6) motion. Reliance on such evidence or allegations constitutes conversion of the motion to a motion for summary judgment and triggers the notice requirement. Moreover, it appears that some of the information relied upon by the trial court consisted of unsworn statements.

**{¶44}** Appellant's First Assignment of Error is sustained.

**II.**

{¶45} In his Second Assignment of Error, Appellant argues the trial court erred in issuing a Nunc Pro Tunc entry which materially altered the original judgment entry.

{¶46} The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action so that the record speaks the truth. *In re Estate of Cook* (1969), 19 Ohio St.2d 121, 127. The function of a nunc pro tunc order is *not to change, modify, or correct* erroneous *judgments,* but merely to have the record speak the truth. *Id.* A trial court may exercise its nunc pro tunc authority in limited situations to correct clerical errors. However, *a trial court may not use a nunc pro tunc entry to enter of record that which it* intended to or might have done but which *in fact it did not do. McKay v. McKay* (1985), 24 Ohio App.3d 74; *Webb v. W. Res. Bond & Share Co.* (1926), 115 Ohio St. 247. *See also State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97; *Pepera v. Pepera* (Mar. 26, 1987), Cuyahoga App. Nos. 51989 and 52024.

{¶47} Here, we find that the trial court used the *nunc pro tunc* order to purportedly correct its prior judgment entry. However, this modification is more than a simple correction of a clerical error; rather, it substantially altered what the court previously had entered and was far beyond the scope of correcting a clerical mistake. Accordingly, we find that the nunc pro tunc entry was improper.

**{¶48}** Appellant's Second Assignment of Error is sustained.

**{¶49}** For the foregoing reasons, the decision of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and this matter is remanded for further proceeding consistent with the law and this opinion.

By: Wise, J.

Baldwin, J., concurs.

Hoffman, P. J., concurs in part and dissents in part.

_____

_____

_____

JUDGES

JWW/d 0604

*Hoffman, P.J., concurring in part and dissenting in part*

{¶50} I concur in the majority's analysis and disposition of Appellant's second assignment of error.

{¶51} I respectfully dissent from the majority's disposition of Appellant's first assignment of error.

{¶52} While Appellee may not have filed a motion to dismiss Appellant's R.C. 4112.02 claim, Appellee did assert, in its Answer, Appellant failed to state a claim upon which relief can be granted. I would construe Appellee's motion in limine as sufficient application to warrant the trial court proceeding with a Civ. R.12(D) hearing.

{¶53} I find consideration of exhibits during argument on Appellee's motion in limine does not overcome Appellant's concession made therein, his claim at trial was not based on the ADA or R.C. 4112.02, and renders any procedural error regarding consideration of them of no consequence. Having conceded his claim was not based on ADA or R.C. 4112.02, Appellant is judicially estopped from now asserting otherwise and is also barred under the invited error doctrine.

{¶54} Because Appellant has not separately assigned as error the dismissal of his common law wrongful termination claim, I would overrule Appellant's first assignment of error and affirm the trial court's dismissal of Appellant's complaint.[1]

_____
HON. WILLIAM B. HOFFMAN

---

[1] Such determination would render Appellant's second assignment of error moot.

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DALE DOUGLASS                          :
                                       :
    Plaintiff-Appellant            :
                                       :
-vs-                                   :                    JUDGMENT ENTRY
                                       :
PROVIA DOOR, INC.                      :
                                       :
    Defendant-Appellee             :            Case No. 2012 AP 05 0034


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee.

                    _____

                    _____

                    _____

                                JUDGES