[Cite as *Miller v. Med. Mut. of Ohio*, 2013-Ohio-3179.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ELISE MILLER, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2012CA0020 |
| MEDICAL MUTUAL OF OHIO | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  2012CI0138

JUDGMENT:     Affirmed in part; Reversed in Part and
Remanded

DATE OF JUDGMENT ENTRY:     July 18, 2013

APPEARANCES:

For Plaintiffs-Appellants

RICHARD T. ROBOL
RACHEL CHODERA MONAGHAN
ROBOL LAW OFFICE
433 West Sixth Avenue
Columbus, Ohio  43201

For Defendant-Appellee

CHRISTOPHER S. WILLIAMS
MAURA L. HUGHES
LAURA MCBRIDE
MOLLY A DRAKE
1405 East Sixth Street
Cleveland, Ohio  44114

DAVID J. WIGHAM
STEVE J. SHROCK
225 North Market Street
Wooster, Ohio  44691

*Wise, J.*

{¶1}   Appellants Elise Miller and Pharmaceutical Alternatives, Inc. appeal from the October 4, 2012, decision entered in the Coshocton County Court of Common Pleas granting Appellee Medical Mutual of Ohio's Civ.R. 12(B)(6) Motion to Dismiss.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Pharmaceutical Alternatives, Inc. (PAI) is a "closed-door pharmacy" and provider of certain specialty pharmaceuticals which contracted with Medical Mutual of Ohio (MMO), an Ohio provider of health insurance. Elise Miller is the sole owner of PAI.

{¶3}   In 2000, PAI and MMO entered into an agreement which provided for reimbursement to PAI for certain services and medications PAI would provide to MMO's insureds (the "Participation Agreement"), and two additional agreements, which provided for reimbursement to PAI on an in-network basis (the "Provider Agreements") (collectively, the "Agreements").

{¶4}   During the course of the relationship between PAI and MMO, several disputes arose with regard to the Agreements. One such dispute resulted in a lawsuit filed on July 11, 2006, captioned Pharmaceutical Alternatives. Inc. v. Medical Mutual of Ohio, Case No. 06-CIV-525, currently pending in the Coshocton County Court of Common Pleas, Coshocton County, Ohio.

{¶5}   On or about November 5, 2008, PAI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division.

**{¶6}** Subsequently, on or about March 18, 2009, PAI's case was converted to one under Chapter 7 of the Bankruptcy Code and William B. Logan was appointed the Chapter 7 Trustee ("Bankruptcy Trustee").

**{¶7}** On September 24, 2010, the Bankruptcy Court issued an agreed order authorizing the Bankruptcy Trustee to sell to Cardinal Health any and all rights, title and interest to claims and litigation held by PAI against MMO free and clear of any liens and encumbrances.

**{¶8}** On or about March 29, 2012, Plaintiffs-Appellants Pharmaceutical Alternatives Inc. and Elise Miller filed their Complaint against Defendant Medical Mutual of Ohio in the Court of Common Pleas for Coshocton County.

**{¶9}** Appellants' Complaint included claims for breach of written contract ("Count I"), breach of implied covenant of good faith and fair dealing ("Count II"), promissory estoppel ("Count III"), conversion ("Count IV"), tortious interference with contractual relations and with prospective business relations ("Count V"), negligent and intentional misrepresentation/fraud ("Count VI"), "destruction of business through bad faith in processing and paying insurance and guaranteed claims" ("Count VII"), and civil conspiracy ("Count VIII").

**{¶10}** On May 25, 2012, Defendant filed a motion to dismiss all claims for failure to state a claim under Civ.R. 12(B)(6).

**{¶11}** On July 16, 2012, Plaintiffs-Appellants filed their memorandum in opposition to the motion to dismiss.

**{¶12}** On October 4, 2012, the trial court granted the motion to dismiss.

{¶13} Appellants filed an appeal and assigned the following Assignments of Error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. THE DECISION BELOW ERRS IN HOLDING THAT PLAINTIFF PAI IS BARRED FROM ANY AND ALL CLAIMS AGAINST DEFENDANT MMO BY A SEPTEMBER 24, 2010 ORDER OF THE U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO.

{¶15} "II. THE DECISION BELOW ERRS IN HOLDING THAT COMPLAINT FAILS TO STATE A CLAIM FOR "[TORTIOUS] INTERFERENCE" BECAUSE MILLER'S CLAIM "INVOLVES A POTENTIAL BUSINESS AGREEMENT BETWEEN PAI AND THE WEINBERG & BELL GROUP."

{¶16} "III. THE DECISION BELOW ERRS IN HOLDING THAT THE COMPLAINT FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL AS TO PLAINTIFF MILLER "BECAUSE MILLER FAILS TO IDENTIFY ANY STATEMENT, PROMISE OR REPRESENTATION MADE BY DEFENDANT."

{¶17} "IV. THE DECISION BELOW ERRS IN HOLDING THAT THE COMPLAINT FAILS TO STATE A CLAIM BY PLAINTIFF MILLER FOR MISREPRESENTATION BECAUSE IT "INVOLVES CONTRACTS BETWEEN PAI AND THE DEFENDANT," AND "MILLER IS NOT A PARTY TO THESE CONTRACTS IN HER INDIVIDUAL CAPACITY."

{¶18} "V. THE DECISION BELOW ERRS IN HOLDING THAT THE COMPLAINT STATES NO CLAIM FOR RELIEF FOR CIVIL CONSPIRACY "BECAUSE IT SETS FORTH NO FACTUAL ALLEGATIONS IN SUPPORT OF THE CLAIM."

**{¶19}** "VI. THE DECISION BELOW ERRS IN FAILING TO GRANT PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT."

**I.**

**{¶20}** Appellant claims the trial court erred in granting Appellee's motion to dismiss all of PAI's claims against MMO based on the Sept. 24, 20120 Order of the U.S. Bankruptcy Court for the Southern District of Ohio. We agree.

**{¶21}** Our review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley,* 130 Ohio St.3d 156, 2011–Ohio–4432, 956 N.E.2d 814, ¶ 12. In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the nonmoving party's favor. *State ex rel. Findlay Publishing Co. v. Schroeder,* 76 Ohio St.3d 580, 581, 1996–Ohio–360, 669 N.E.2d 835. A complaint may not be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations unless the complaint on its face conclusively indicates that the action is time-barred. *McKinley* at ¶ 13.

**{¶22}** When ruling on a Civ.R. 12(B)(6) motion, a court may not rely upon evidence or allegations outside the complaint. *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 1997-Ohio-169, 680 N.E.2d 985. Civ.R. 12(B)(6) instructs in pertinent part:

**{¶23}** "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by

the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

**{¶24}** However, it has been recognized that courts may take judicial notice of "appropriate matters" in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26, citing *State ex rel. Neff v. Corrigan,* 75 Ohio St.3d 12, 16, 1996-Ohio-231, 661 N.E.2d 170.

**{¶25}** In moving for a dismissal in this matter, Medical Mutual asserted that a bankruptcy decision bars PAI from bringing any litigation against Medical Mutual. No documents were attached to Medical Mutual's Motion to Dismiss, but reference was made to such bankruptcy order throughout. We find that such decision was not an appropriate matter upon which judicial notice could be taken.

**{¶26}** Judicial notice allows a court to accept, "for purpose of convenience and without requiring a party['s] proof, * * * a well-known and indisputable fact." *State v. Blaine,* Highland App. No. 03CA9, 2004-Ohio-1241, Evid.R. 201.

**{¶27}** A trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170. However, a trial court cannot take judicial notice of court proceedings in another case. *Campbell v. Ohio Adult Parole Auth.* (Oct. 28, 1997), Franklin App. No. 97APE05–616. Similarly, "a trial court may not

take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved." *First Michigan Bank & Trust Co. v. P. & S. Bldg.* (Feb. 16, 1989), Meigs App. No. 413. A trial court "may only take judicial notice of prior proceedings in the immediate case." *In re LoDico,* Stark App. No. 2003–CA–00446, 2005-Ohio-172; *See also NorthPoint Properties, Inc. v. Petticord,* 179 Ohio App.3d 342, 2008–Ohio–5996, 901 N.E.2d 869, ¶ 16 (8th Dist.).

**{¶28}** "The rationale for the rule that a trial court cannot take judicial notice of proceedings in a separate action is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court." *Campbell,* citing *Deli Table, Inc. v. Great Lakes Mall* (Dec. 31, 1996), Lake App. No. 95–L–012.

**{¶29}** Furthermore, Civ.R. 12(B)(6) limits consideration of matters outside the pleadings to those specifically enumerated in Civ.R. 56. Consideration of evidence taken by judicial notice is not specifically enumerated in Civ.R. 56(C). *Lansing v. Hybud Equip. Co.,* Stark App. No. 2002CA00112, 2002-Ohio-5869.

**{¶30}** In this case, the taking of judicial notice involves consideration of evidence outside the complaint. Before the trial court was authorized to consider the prior litigation history of the parties, it was required to notify all the parties at least 14 days prior to the time of hearing that it was converting Appellee's motion to dismiss for failure to state a claim into a motion for summary judgment. *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285.

**{¶31}** In accordance with the foregoing, the trial court was precluded from taking judicial notice of any proceedings in the prior actions.

**{¶32}** Assignment of Error I is sustained.

II.

**{¶33}** Appellants claim the trial court erred in holding that Appellants' complaint did not state a claim for relief for tortious interference as to Appellant Miller. We disagree.

**{¶34}** "In order to establish tortious interference with a business relationship or contract, a party must demonstrate: (1) a business relationship or contract; (2) the wrongdoer's knowledge of the relationship or contract; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages. *Norris v. Philander Chase Co.,* 2010-Ohio-6653, 10-CA-04 (5th Dist.) at ¶'s 9–10 (reversing denial of frivolous conduct sanctions where evidence fails to support this claim). *Fred Siegel Co., L.P.A. v. Arter & Hadden,* 1999–Ohio–260, 85 Ohio St.3d 171, 707 N.E.2d 853 (Ohio 1999); *Kenry v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 650 N.E.2d 863, 1995–Ohio–61.

**{¶35}** In the instant case, the trial court correctly found that Appellants' claim for tortious interference with a contract with Weinberg & Bell Group fails because Appellants failed to identify an actual contract and/or what contractual obligations were breached and what actions were taken by Appellee which caused the breach or prevented the formation of the contract.

**{¶36}** Similarly, any alleged claim for tortious interference with prospective business relationship would exist between Weinberg & Bell and PAI, not Miller, as the

negotiations therein called for PAI to sell and assign assets and liabilities to a new company created by and affiliated with Weinberg & Bell Group.

{¶37} Assignment of Error II is overruled.

III.

{¶38} Appellants claim the trial court erred in finding that the compliant did not state a claim for relief for promissory estoppels as to Appellant Miller. We disagree.

{¶39} Promissory estoppel is an equitable doctrine for preventing the harm resulting from reasonable reliance upon false representations. *GGJ, Inc. v. Tuscarawas Cty. Bd. of Commrs.,* Tuscarawas App.No. 2005AP070047, 2006-Ohio-2527, ¶ 11, citing *Karnes v. Doctors Hosp.* (1990), 51 Ohio St.3d 139, 142, 555 N.E.2d 280. The party asserting promissory estoppel bears the burden of proving, by clear and convincing evidence, all of the elements of the claim. *In re Estate of Popov,* Lawrence App. No. 02CA26, 2003-Ohio-4556, ¶ 30.

{¶40} A party asserting promissory estoppel bears the burden of proving, by clear and convincing evidence, all of the elements of the claim. *In re Estate of Popov,* Lawrence App. No. 02CA26, 2003-Ohio-4556, ¶ 30. The elements necessary to establish a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the reliance. *Schepflin v. Sprint–United Telephone of Ohio* (April 29, 1997), Richland App.No. 96–CA–62–2, 1997 WL 1102026, citing *Stull v. Combustion Engineering, Inc.* (1991), 72 Ohio App.3d 553, 557, 595 N.E.2d 504.

**{¶41}** Upon review of Appellants' assertions set forth in the Complaint, we find that three of the five allegations pertain to alleged representations from MMO to PAI, not Miller. The two remaining allegations which reference Miller specifically, fail to identify a clear and unambiguous promise made by MMO to Miller. As such, Appellants' Complaint fails to state a claim for promissory estoppel as to Appellant Miller.

**{¶42}** Assignment of Error III is overruled.

IV.

**{¶43}** Appellants claim the trial court erred in holding that the complaint did not state a claim for misrepresentation as to Appellant Miller. We disagree.

**{¶44}** The doctrine of negligent misrepresentation provides recovery where: 1) a party who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, provides false information; 2) for the guidance of another party in its business transaction, 3) causing the other party to suffer pecuniary loss, 4) as a result of justifiable reliance on the information, 5) if the one providing the information failed to exercise reasonable care or competence in obtaining and communicating the information. *Delman v. City of Cleveland Hts.,* (1989), 41 Ohio St.3d 1, 4, 534 N.E.2d 835. The elements for negligent misrepresentation require a plaintiff who sought guidance with respect to his business transactions from the defendant. *Nichols v. Ryder Truck Rental* (June 23, 1994), Cuyahoga App. No. 65376, unreported.

**{¶45}** Fraud is "a knowing misrepresentation of the truth * * * to induce another to act for his or her detriment." *Curran v. Vincent,* 175 Ohio App.3d 146, 2007–Ohio–3680, 885 N.E.2d 964, ¶ 18 (1st Dist.) The elements of civil fraud are (1) a

misrepresentation, (2) material to the transaction, (3) made falsely, knowingly, or recklessly, (4) with the intention of misleading another into a justifiable reliance on those facts, (5) that causes the other party injury. *Burr v. Bd. of Cty. Commrs. of Stark Cty.,* 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

**{¶46}** In all averments of fraud, the circumstances constituting fraud must be stated with particularity. Civ.R.9(B). The circumstances surrounding fraud must be pled with particularity and must include: "the time, place, and content of the false representation, the fact of misrepresentation, and the nature of what was obtained or given as a consequence." *Id.,* citing *F & J Roofing v. McGinley* (1987), 35 Ohio App.3d 16, 17, 518 N.E.2d 1218.

**{¶47}** Here, with regard to the representations alleged to have been made by MMO to Miller individually, Appellants failed to set forth such representations with any degree of particularity. Appellants failed to identify the content of the allegations, when such allegations were made and by whom, the falsity of the allegations/ misrepresentations and the consequences of such misrepresentations.

**{¶48}** Based on the foregoing, we find that as to Appellant Miller, the trial court did not err in finding the Complaint herein failed to state a claim for intentional and/or negligent misrepresentation.

**{¶49}** Assignment of Error IV is overruled.

V.

**{¶50}** Appellants claim the trial court erred in holding that the complaint did not assert a claim for civil conspiracy as to Appellant Miller. We disagree.

**{¶51}** The elements of civil conspiracy claim are: '(1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself.' *Ogle v. Hocking Cty.,* 4th Dist. No. 11 CA31, 2013–Ohio–597, ¶ 14 citing *Cook v. Kudlacz,* 974 N.E.2d 706, 2012–Ohio–2999, ¶ 90 (7th Dist.), quoting *State ex rel. Fatur v. Eastlake,* 11th Dist. No. 2009–L–037, 2010–Ohio–1448, ¶ 45.

**{¶52}** "A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Morrow v. Reminger & Reminger Co., L.P.A.,* 183 Ohio App.3d 40, 2009–Ohio–2665, 915 N.E.2d 696, ¶ 40 (10th Dist.).

**{¶53}** A review of Appellants' Complaint reveals only a bare recitation of the necessary elements for a civil conspiracy claim. The Complaint fails to set forth any factual allegations including, but not limited to, who MMO allegedly conspired with to injury Appellant Miller's reputation.

**{¶54}** While the court must presume that all factual allegations in the complaint are true, *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, the court need not, however, accept as true unsupported legal conclusions in the complaint. *Morrow v. Reminger & Reminger Co., L.P.A.,* 183 Ohio App.3d 40, 915 N.E.2d 696, 2009-Ohio-2665, ¶ 7. A court need not presume the truth of conclusions not supported by factual allegations. *Schulman v. Cleveland* (1972), 30 Ohio St.2d 196, 198, 283 N.E.2d 175.

**{¶55}** Assignment of Error V is overruled.

VI.

**{¶56}** Appellants claim the trial court erred in failing to grant them leave to amend their complaint. We disagree.

**{¶57}** Civ.R. 15(A) provides that a party may amend its pleading "only by leave of court or by written consent of the adverse party" when the opposing party has already filed its responsive pleading in the case. When a party files a motion for leave to file an amended pleading with the trial court, "[l]eave of court shall be freely given when justice so requires." *Id.*

**{¶58}** An appellate court reviews a trial court's decision on a motion for leave to file an amended pleading under an abuse of discretion standard. *Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *State v. Myers,* 97 Ohio St.3d 335, 780 N.E.2d 186, 2002-Ohio-6658, at ¶ 75, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶59}** A review of the pleadings in this case reveals that Appellants did not attempt to amend their complaint before Appellee filed its motion to dismiss. Further, Appellants did not file a formal Motion for Leave to Amend their Complaint. Rather, Appellants herein rely on a request included in their response to Appellee's Motion to Dismiss wherein they asked that "(i)n the event that the Court finds the Complaint deficient in any respect, it should allow Plaintiffs to file an amended pleading to address the deficiency." (Plaintiffs' Memorandum in Opposition to Dismiss at p. 21)

{¶60}  In light of Appellants' failure to file a motion requesting leave to amend, we find that the trial court did not abuse its discretion by not granting Appellants leave to amend their complaint. Accord, *Moore v. Rickenbacker* (May 3, 2001), 10th Dist. No. 00AP-1259; *Priestly v. Cannon* (Dec. 16, 1982), 8th Dist. No. 44614.  *See also White v. Roch,* Ninth Dist. App. No. 22239, 2005-Ohio-1127.

{¶61}  Assignment of Error VI is overruled.

{¶62}  For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

_____

_____

_____

                                                                    JUDGES

JWW/d 0708

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ELISE MILLER, et al.                          :
                                              :
        Plaintiffs-Appellants                 :
                                              :
-vs-                                          :               JUDGMENT ENTRY
                                              :
MEDICAL MUTUAL OF OHIO                        :
                                              :
        Defendant-Appellee                    :               Case No. 2012CA0020

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed in part, remanded in part and reversed.

Costs to be divided equally between Appellants and Appellee.

_____

_____

_____

                                        JUDGES