[Cite as *Barton v. Miller*, 2019-Ohio-3241.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                                    |
|--------------------------|---|------------------------------------|
|                          |   | JUDGES:                            |
| ROBERT BARTON, ET AL     | : | Hon. W. Scott Gwin, P.J.           |
|                          | : | Hon. William B. Hoffman, J.        |
| Plaintiffs-Appellants    | : | Hon. Patricia A. Delaney, J.       |
|                          | : |                                    |
| -vs-                     | : |                                    |
|                          | : | Case No. 2019CA00016               |
| JOE MILLER               | : |                                    |
|                          | : |                                    |
| Defendant-Appellee       | : | OPINION                            |


CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of Common Pleas, Case No.2018CV01385


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT ENTRY:    August 12, 2019


APPEARANCES:

For Plaintiffs-Appellants    For Defendant-Appellee

JON TROYER    ALETHA CARVER
1953 Gulf St. N.W.    4775 Munson Street
Uniontown, OH 44685    P.O. Box 36963
    Canton, OH  44735-6963

*Gwin, P.J.*

{¶1} Appellants appeal the January 8, 2019 and the January 15, 2019 judgment entries of the Stark County Court of Common Pleas.

*Facts & Procedural History*

{¶2} On July 17, 2018, appellants Robert Barton ("Barton") and L.C.F., Incorporated filed a complaint for breach of contract against appellee Joe Miller. In the complaint, Barton alleges he and appellee entered into an oral contract in 2009 related to appellee's purchase of Gorant Chocolatier, LLC. Appellants aver appellee agreed to pay Barton a finder's fee of $80,500 upon successful completion of appellee's purchase of Gorant and a 5% fee on any future sale of real estate obtained by appellee in the purchase of Gorant. Appellants allege the purchase of Gorant was completed on October 9, 2009, and while appellee made partial payments in 2009 and 2010, he failed to make further payments on the remaining balance. Appellants aver appellee made a written acknowledgment via letter dated April 9, 2010 indicating a desire to pay the remaining balance through the summer of 2010 and argue this letter constitutes a written contract, the breach of which is within the eight-year statute of limitations. Appellants further allege Barton agreed to extend appellee's deadline for payment of the balance of the finder's fee until the end of the summer of 2012 and the breach of such modification is within the six-year statute of limitations for oral contracts.

{¶3} Appellee filed an answer to the complaint on September 7, 2018. On December 14, 2018, appellee filed a motion for judgment on the pleadings. Appellee argues he is entitled to judgment on the pleadings because appellants' complaint is barred by the statute of limitations.

{¶4} On January 7, 2019, appellee filed a motion for leave to file a first amended answer. Appellee sought to amend his answer to assert counterclaims against appellants.

{¶5} The trial court issued a judgment entry granting appellee's motion for judgment on the pleadings on January 8, 2019. The trial court noted appellants did not respond to the motion for judgment on the pleadings. The trial court found appellants' claim is based solely upon an oral breach of contract and is thus barred by the applicable statute of limitations. The trial court included Civil Rule 54(B) language and stated the judgment entry dated January 8, 2019 is a final appealable order.

{¶6} On January 15, 2019, the trial court issued a nunc pro tunc entry granting appellee's motion for judgment on the pleadings. The trial court stated as follows:

This judgment entry is being filed as a nunc pro tunc entry in order to delete the final appealable order language contained in the previous filing. The basis for this deletion is that on January 7, 2019, defendant filed a motion for leave to file first amended answer which asserts counterclaims against plaintiffs. The court was not aware that the motion had been filed at the time of the filing of the original judgment entry on January 8, 2019.

{¶7} Also on January 15, 2019, the trial court granted appellee's motion for leave to file its first amended answer.

{¶8} Appellants appeal the judgment entries of the Stark County Court of Common Pleas and assign the following as error:

{¶9} "I. THE TRIAL COURT ERRED BY CONSIDERING THE TIME FOR THE STATUTE OF LIMITATIONS TO RUN FROM THE TIME OF FORMATION OF THE CONTRACT RATHER THAN FROM THE TIME THE CAUSE OF ACTION ACCRUED.

{¶10} "II. THE TRIAL COURT ERRED IN MODIFYING ITS JANUARY 8, 2019 JUDGMENT ENTRY NUNC PRO TUNC."

I.

{¶11} In their first assignment of error, appellants argue the trial court erred in granting appellee's motion for judgment on the pleadings. Appellants contend they alleged sufficient facts in the complaint to overcome the motion for judgment on the pleadings, as the complaint does not conclusively show on its face the action is barred by the statute of limitations. Appellants do not challenge the trial court's finding that appellants' claim is based solely upon a breach of oral contract.

{¶12} Civil Rule 12(C) provides, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ.R. 12(B)(6) motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Dept. of Human Resources*, 106 Ohio App.3d 88, 665 N.E.2d 278 (6th Dist. Erie 1995). A reviewing court need not defer to the trial court's decision in such cases. *Id.*

{¶13} A motion for judgment on the pleadings, pursuant to Civil Rule 12(C), presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d

113 (1973). The determination of a motion under Civil Rule 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.* Evidence in any form cannot be considered. *Conant v. Johnson*, 1 Ohio App.2d 133, 204 N.E.2d 100 (4th Dist. Athens 1964). In considering such a motion, one must look only to the face of the complaint. *State ex rel. Osborne v. City of North Canton,* 5th Dist. Stark No. 2018CA00132, 2019-Ohio-1744. When granting a motion for judgment on the pleadings based upon the expiration of the statute of limitations, the complaint must show conclusively on its face that the action is time-barred. *Williams v. Bureau of Workers' Comp.*, 10th Dist. Franklin No. 09AP-1076, 2010-Ohio-3210.

{¶14} An oral contract is subject to a six-year statute of limitations. R.C. 2305.07. A cause of action for breach of contract accrues when the breach occurs or when the wrongful act was committed. *Collins v. Sotka*, 81 Ohio St.3d 506, 692 N.E.2d 581 (1998). Pursuant to the allegations in the complaint, Barton and appellee entered into an oral agreement to pay a finder's fee of $80,500 upon successful completion of appellee's purchase of Gorant Chocolatier, LLC and the purchase of Gorant was completed on October 9, 2009. Application of the six-year statute of limitations to that claim would mean the statute of limitations expired on October 9, 2015.

{¶15} However, appellants also allege in their complaint that, at the request of appellee, Barton subsequently agreed to extend appellee's deadline for payment of the balance of the fee, and the last such extension of payment of the final amount due ($20,250.00 plus interest from 2009) was to be completed by the end of the summer of

2012. Further, appellants aver appellee breached this oral modification of the original oral agreement and the breach of this subsequent oral modification is within the six-year statute of limitations for oral contracts. Taking these allegations as true and drawing all reasonable inferences in appellants' favor, application of the six-year statute of limitations to the breach of the oral modification of the oral contract expired at the end of the summer of 2018. Appellants filed their complaint on July 17, 2018, prior to the end of the summer of 2018. Thus, the complaint does not conclusively show on its face that the action is time-barred.

{¶16} Appellee cites *Certified Alarm & Signal Co., Inc. v. Chasteen, Inc.* in support of his argument that appellants' allegation of a breach of an oral modification of a contract is not sufficient to overcome the motion for judgment on the pleadings because appellants do not allege what or if any new consideration forms the basis of the new oral agreement. 6th Dist. Lucas No. L-88-031, 1988 WL 96182 (Sept. 16, 1998). We first note that *Certified Alarm*, a decision by the Sixth District Court of Appeals, is not binding on this Court. *Moore v. Michalski*, 5th Dist. Fairfield No. 17-CA-44, 2018 WL 3904257. We also find *Certified Alarm* distinguishable from the instant case, as the case involved the oral modification of a written contract whereas, in this case, appellants allege an oral modification of an oral contract.

{¶17} Further, procedurally, the *Certified Alarm* case was decided at a bench trial after testimony from multiple witnesses. In this case, we are restricted solely to the allegations in the complaint and must construe all allegations in appellants' favor. Appellants allege in their complaint that, at the request of appellee, Barton agreed to extend appellee's deadline for payment of the remaining balance of the finder's fee and

that the last such extension for payment of the final amount due of the original agreed amount ($20,250.00 plus interest from 2009) was to be completed by the end of the summer of 2012.

{¶18} Upon our de novo review, construing the allegations in the complaint in appellants' favor. Appellants' first assignment of error is sustained.

II.

{¶19} In their second assignment of error, appellants contend the trial court erred in modifying its January 8, 2019 judgment entry nunc pro tunc and in granting the motion for leave to amend after it had issued a final appealable order. Appellants argue the trial court was without jurisdiction to make substantive changes to its previous decision. We agree.

{¶20} The function of a nunc pro tunc order is not to change, modify, or correct judgments, but merely to have the record speak the truth. *In re Estate of Cook*, 19 Ohio St.2d 121, 249 N.E.2d 799 (1969). A trial court may exercise its nunc pro tunc authority in limited situations to correct clerical errors. *Douglass v. Provia Door, Inc.*, 5th Dist. Tuscarawas No. 2012 AP 05 0034, 2013-Ohio-2853. It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. *Id.*

{¶21} In this case, the January 8, 2019 judgment entry was a final appealable order. Because they substantively modifiy a final appealable order, we find the January 15, 2019 entries are nullities, as the trial court lacked jurisdiction to issue them. *Tate v. Tate*, 5th Dist. Holmes Nos. 17CA013, 17CA014, 2018-Ohio-1245. We find the harmless

error doctrine does not apply in this case because the trial court lacked jurisdiction to issue the entries.  Appellants' second assignment of error is sustained.

{¶22}  Based on the foregoing, appellants' assignments of error are sustained.

{¶23}    The judgment entries of the Stark County Court of Common Pleas are reversed and remanded for proceedings consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur