[Cite as *Sweeney v. Pfan*, 2019-Ohio-4605.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| LYLE SWEENEY | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 19 CAG 04 0030 |
| SHELLY PFAN | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:          Civil appeal from the Delaware County
                                                           Municipal Court, Case No. 2019 CVI 00126

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:          November 7, 2019

APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

LYLE SWEENEY Pro Se                  VINCE VILLIO
5701 Whitecraigs Ct.                       Delaware County Prosecutor's Office
Dublin, OH 43017                            145 North Union Street
                                                           Delaware, OH 43015

*Gwin, P.J.*

{¶1} Appellant appeals the April 4, 2019 judgment entry of the Delaware County Municipal Court denying her motion to dismiss pursuant to Civil Rule 12(B)(6).

*Facts & Procedural History*

{¶2} On January 17, 2019, appellee Lyle Sweeney filed a small claims complaint against appellant Shelley Pfan. Appellee alleged that while in the custody of the Delaware County Jail and while being transferred to the hospital, his possessions were stolen.

{¶3} Appellant filed a motion to dismiss on March 6, 2019 pursuant to Civil Rule 12(B)(6) for the naming of an improper party as defendant and based upon immunity pursuant to R.C. 2744.02(A). In her motion to dismiss, appellant alleges the following: appellee was booked into the Delaware County Jail on October 10, 2018; upon his booking, an inventory of his personal property was taken and documented; appellant, as the jail director, had no involvement in taking the inventory; appellee experienced a medical emergency and was taken for treatment to a hospital in Columbus; appellant had no involvement in the retrieval or bagging of appellee's belongings; a sheriff's deputy drove appellee's belongings to the hospital and returned them to him in his hospital room; and appellant had no involvement in the return of appellee's belongings. Also in her motion, appellant alleges there is video footage from the hospital showing the deputy entering the hospital room with the belongings and leaving the hospital without the belongings.

{¶4} In her motion, appellant argues her duties as Jail Administrator involve governmental functions and render her immune in this case pursuant to R.C. 2744.02(A).

Appellant further contends that even if she is not immune, she was not the proximate cause of the loss appellee suffered and is thus not liable nor the proper party in this case.

{¶5}   The magistrate issued an order on March 13, 2019 denying the motion to dismiss.  The magistrate found R.C. 2744.02 is not a basis for immunity in this case because the statute provides immunity, in limited circumstances, to political subdivisions, but appellant is a person, not a political subdivision.  The magistrate additionally found the issue of proximate cause is an issue of fact for trial.

{¶6}   Appellant filed objections to the magistrate's decision on March 21, 2019. Appellant argued the magistrate's order should be set aside because appellant is being sued in her official capacity as the Delaware County Jail Administrator and thus political subdivision immunity extends to her because all of the conduct complained of occurred as part of a governmental function.

{¶7}   The trial court issued a judgment entry on April 4, 2019 overruling appellant's objections to the magistrate's order.  The trial court found the magistrate's order was proper, given the evidence and the procedural posture of the case.  Specifically, the trial court found there is no evidence appellant is a county employee triggering any claim of immunity, as the complaint in this case does not allege appellant is a county employee; thus the complaint does not assert facts required to establish the immunity defense.  Further, that the averments in appellant's motion are not evidence.  The trial court emphasized that a pretrial motion to dismiss solely upon the pleadings merely tests the sufficiency of the complaint and the small claims complaint is sufficient to allege a claim against appellant stemming from the alleged loss of appellee's belongings.  The trial court stated, "where, as here, a pretrial motion to dismiss the complaint presents facts

not in the pleadings, the motion ordinarily must be treated as a motion for summary judgment as provided in Civil Rule 56." The trial court further found that the bare allegations of facts by counsel in the pretrial motion are not sufficient to establish facts for consideration of the court, as no evidentiary materials were submitted. Further, that appellee was entitled to show an exception to the immunity defense. The trial court again emphasized that nothing in the complaint establishes appellant is an employee of a political subdivision. The trial court concluded appellant's motion to dismiss is premature, given the posture of the case, and specifically stated appellant could reassert the motion "at the close of evidence at trial."

{¶8} Appellant appeals the April 4, 2019 judgment entry of the Delaware County Municipal Court and assigns the following as error:

{¶9} "I. DEFENDANT-APPELLANT IS NAMED IN THE CAUSE OF ACTION AS AN EMPLOYEE OF A POLITICAL SUBDIVISION, THUS ENTITLING HER TO POLITICAL SUBDIVISION TORT IMMUNITY UNDER R.C. 2744.02.

{¶10} II. THE TRIAL COURT'S DECISION TO CONVERT DEFENDANT-APPELLANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT WITHOUT PROPER NOTICE IS REVERSIBLE ERROR."

I.

{¶11} In her first assignment of error, appellant argues she is entitled to political subdivision employee immunity as a matter of law, as R.C. 2744.02(A) provides that a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or

an employee of the political subdivision in connection with a governmental or proprietary function.

{¶12}   Our standard of review on a Civil Rule 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990).  A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Co. Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1989).  Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.  *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).  In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

{¶13}   Generally, political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee in connection with a governmental or proprietary function."  R.C. 2744.02.  There are several statutory exceptions to the broad grant of immunity.

{¶14}   Due to the procedural posture of this case, all allegations in the complaint are presumed to be true for the purposes of our analysis.  Further, neither this Court, nor the trial court, may rely on any materials or evidence outside the complaint in considering a motion to dismiss.  *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 680 N.E.2d 985 (1997).  Consideration by the court of anything outside the four corners of the

complaint is improper when consider a Civil Rule 12(B)(6) motion. *Douglass v. Provia Door*, 5th Dist. Tuscarawas No. 2012 AP 0034, 2013-Ohio-2853.

{¶15} In this case, nothing in the complaint establishes that appellant is an employee of a political subdivision or that appellee is suing appellant in her capacity as an employee of a political subdivision, as appellee alleges that while in the custody of the Delaware County Jail and while being transferred to the hospital, his possessions were stolen. Accordingly, taking the allegations in the complaint to be true and not relying on any materials or evidence outside the complaint, we find appellant is not entitled to political subdivision immunity.

{¶16} In this case, appellee filed a small claims complaint against appellant that was sufficient to allege a claim against appellant for the alleged loss of his belongings. As this Court has previously recognized, procedures in small claims are generally more "elastic" to accommodate pro se litigants. *Abdalla v. Wilson*, 5th Dist. Licking No. 17 CA 0056, 2018-Ohio-500.

{¶17} Appellant argues the complaint, "when read in conjunction with the procedural posture of this action and the statements of Plaintiff-appellee's guardian in the pretrial conference, indicates that Plaintiff-Appellee brought the action against Shelley Pfan as the Jail Administrator of the Delaware County Jail, and therefore as an employee of a political subdivision." Appellant submits the fact that she is being sued in her official capacity as an employee of the Delaware County Jail is apparent from a pre-trial letter and statements at a pre-trial conference and these additional facts, while not contained within the four corners of the complaint, may be properly considered by the trial court in its evaluation of a motion to dismiss.

{¶18} We have previously held that a court may take judicial notice of "appropriate matters" in determining Civil Rule 12(B)(6) motions without converting it to a motion for summary judgment. *Miller v. Medical Mutual of Ohio*, 5th Dist. Coshocton No. 2012CA0020, 2013-Ohio-3179. However, such judicial notice is at the discretion of the trial court and a trial court cannot take judicial notice of court proceedings in another case. *Id.* We find the contents of a pre-trial letter and the statements of appellee's guardian at a pre-trial conference are not appropriate matters that constitute well-known and indisputable facts such that judicial notice is appropriate.

{¶19} The Ohio Supreme Court has held that courts are free to consider memoranda, briefs, and oral arguments on legal issues in determining whether a complaint should be dismissed for failure to state a claim upon which relief can be granted and this material is not considered matters outside the pleadings. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923. However, the Supreme Court also specifically stated a Civil Rule 12(B)(6) determination "cannot rely on factual allegations or evidence outside the complaint." *Id.* Unlike the cases cited by appellant, in this case, the materials appellant requests the trial court and this Court consider are not simply memoranda, briefs, and arguments on legal issues, but are factual allegations and/or evidence. Accordingly, we find the trial court did not commit error in not considering facts and evidence outside the four corners of the complaint and did not commit error in denying appellant's Civil Rule 12(B)(6) motion to dismiss.

{¶20} Appellant's first assignment of error is overruled.

II.

{¶21} In her second assignment of error, appellant contends the trial court's decision to convert her motion to dismiss to a motion for summary judgment without proper notice is reversible error. Appellant seeks a remand from this Court to the trial court to allow her to submit evidence on the issue of immunity.

{¶22} When a party presents evidence outside the pleadings, the trial court bears the responsibility either to disregard the extraneous material or to convert the motion to dismiss into a motion for summary judgment. *Keller v. Columbus*, 100 Ohio St.3d 192, 797 N.E.2d 964 (2003).

{¶23} In the first portion of its judgment entry, the trial court disregarded the extraneous materials, finding the allegations and evidence in appellant's motion to dismiss to be outside the pleadings. We find this determination by the trial court not in error. As detailed above, the factual allegations and/or evidence submitted by appellant are outside the pleadings and cannot be considered in a Civil Rule 12(B)(6) determination. *Bumpus v. Ward*, 5th Dist. Knox No. 2012-CA-5, 2012-Ohio-4674.

{¶24} The trial court also stated in its judgment entry that where a pre-trial motion to dismiss presents facts not in the pleadings, the motion ordinarily must be treated as a motion for summary judgment; but the bare allegations of facts in the motion are not sufficient to establish facts for consideration of the court.

{¶25} Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials

made pertinent to such motion to Civil Rule 56. *State ex rel. The V. Cos. V. Marshall*, 81 Ohio St.3d 467, 692 N.E.2d 198 (1998).

{¶26} Appellant is correct that this Court and the Ohio Supreme Court have held the failure to notify the parties that a court is converting a motion to dismiss into one for summary judgment is reversible error. *State ex rel. Boggs v. Springfield Local Elementary School Dist. Bd. of Education*, 72 Ohio St.3d 94, 647 N.E.2d 788 (1995); *Douglass v. Provia Door, Inc.*, 5th Dist. Tuscarawas No. 2012 AP 0034, 2013-Ohio-2853.

{¶27} However, unlike the cases cited by appellant in which the party asserting lack of reasonable notice is the non-moving party, in this case, appellant is the moving party and is also the party who included the extraneous material and factual allegations in their motion. The primary purpose of the notification requirement is to "permit the nonmoving party sufficient opportunity to respond to a converted summary judgment motion." *State ex rel. The V. Cos. V. Marshall*, 81 Ohio St.3d 467, 692 N.E.2d 198 (1998). Further, "the primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters * * *." *Petrey v. Simon*, 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983).

{¶28} To the extent that the trial court converted the motion to dismiss to a motion for summary judgment and committed error in not providing notice of the conversion to the parties, we find the error is harmless. See *Dietelbach v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2004-T-0063, 2005-Ohio-4902; *Rice v. Lewis*, 4th Dist. Scioto No. 13CA3551, 2013-Ohio-5890

{¶29} Civil Rule 61 governs harmless error and states the following:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶30} Upon review, we find that, to the extent the trial court converted the motion to dismiss to a motion for summary judgment, it was harmless error because it did not affect appellant's substantial rights. Appellant made the motion to dismiss with the extraneous material and allegations. Additionally, the trial court specifically stated that though appellant's motion was premature due to the procedural posture of the case, appellant could reassert the motion with regards to political immunity at the close of the evidence at trial. Thus, appellant will be allowed to submit further evidence on the issue of immunity to the trial court, as she requests in her appellate brief.

{¶31} Appellant's second assignment of error is overruled.

{¶32} Based on the foregoing, appellant's assignments of error are overruled.

{¶33}   The April 4, 2019 judgment entry of the Delaware County Municipal Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, concur